**Mabel L. LOWRY, Appellee-Plaintiff,**

v.

**WHITAKER CABLE CORPORATION,
Appellant-Defendant.**

No. 72–1316.

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 7, 1972.

Decided Feb. 8, 1973.

Harry L. Browne, Kansas City, Mo., for defendant-appellant.

James W. Jeans and William H. Pickett, Kansas City, Mo., for plaintiff-appellee.

Before MEHAFFY, BRIGHT, and STEPHENSON, Circuit Judges.

PER CURIAM.

In this Title VII civil rights action, Mabel L. Lowry alleges that her former employer, Whitaker Cable Corporation, subjected her to discriminatory practices in her employment and discharged her because she is black. Her short duration of employment extended from August 9, 1967, through August 28, 1967. Miss Lowry pursued administrative remedies before both the Equal Employment Opportunity Commission and the Missouri Commission on Human Rights from early September, 1967, until late December, 1969, when the Equal Employment Opportunity Commission advised her of her right to bring suit. Thereafter she filed this action in the United States District Court on January 21, 1970, pursuant to 42 U.S.C. § 2000e–5. The district court, more than two years later, on April 24, 1972, made findings favorable to Lowry and awarded her the sum of $3,296.63 in damages, plus costs and attorney's fees. The employer brings this timely appeal from the judgment.

We have carefully reviewed the files and records in this action. Although the plaintiff did not make out a strong case of racial discrimination, we do not believe that the district court's extensive fact findings were clearly erroneous. Thus, we affirm the judgment.

Miss Lowry is entitled to reasonable attorney's fees on appeal as well as in the trial court. The district court has retained jurisdiction to determine the amount of the reasonable attorney's fees [1] upon the trial of this case. We direct that in assessing these fees it add a reasonable sum for services of Lowry's counsel on appeal.

1. The opinion of the district court is reported at 348 F.Supp. 202.

■ We feel compelled to comment upon the extraordinary administrative and judicial delay in the resolution of this case. We recognize that the district judge delayed his decision because of some uncertainty about subject matter jurisdiction. However, generally in cases such as the instant one where the sole question raised is one of individual employment discrimination, as opposed to a class action, pretrial procedures should be minimal and the case should be processed and tried as expeditiously as possible. If a remedy is to be meaningful to a working person who claims and proves employment discrimination, certainly he should be afforded relief on his claim in a much shorter period than five and one-half years, else pursuing the claim may prove more burdensome than ignoring the violation of his rights. Thus we urge district courts in this circuit to use appropriate procedures to expedite cases of this nature where possible.