918 F.2d 180
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Charles L. FEISS, Plaintiff-Appellant,
v.
Edward DERWINSKI, Secretary of Veterans Affairs, Defendant-Appellee.
 No. 89-3783.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 23, 1990.*
Decided Oct. 23, 1990.
 
 Before BAUER, Chief Judge, and POSNER, Circuit Judge, and Pell, Senior Circuit Judge.
 
 ORDER
 
 1
 Charles L. Feiss appeals pro se from the district court's grant of summary judgment in favor of defendants in his suit under the Age Discrimination in Employment Act, 29 U.S.C. Secs. 621 et seq. Summary judgment is proper only if, on the facts presented to the district court judge and viewed in a light most favorable to Feiss, no reasonable jury could find that the defendant fired him because of his age. Shager v. Upjohn Company and Asgrow Seed Company, No. 89-3642, slip op. (7th Cir. Sept. 17, 1990).
 
 
 2
 In a well written and well reasoned opinion, the district court judge analyzed the facts in this case and determined that summary judgment was appropriate. The court found that the defendant terminated Feiss' employment not because of his age, but because of his poor job performance. The court ruled that Feiss failed to raise any genuine issue of fact to show that this explanation was pretextual. The points raised on appeal do not undermine the district court's judgment.[1]
 
 
 3
 The decision of the district court is AFFIRMED for the reasons stated therein.
 
 
 4
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Rule 34(a), Fed.R.App.P.; Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [1]
 The appellee filed a motion to strike portions of Feiss' reply brief. The appellee correctly notes that the arguments contained in appellant's reply brief subsection II.e., paragraphs 4 and 5 exceed the scope of the Brief for Defendant-Appellee in contradiction of Circuit Rule 28(f). In addition, the entire appendix of Feiss' reply brief must be stricken because these materials were never part of the record in the district court. Holmberg v. Baxter Healthcare Corp., 901 F.2d 1387, 1392-93 n. 4 (7th Cir.1990). Appellee's motion to strike is granted