**Cheryl D. PRICHARD, Plaintiff,**

v.

**Don LEDFORD and Don Ledford Pontiac Buick, Inc., Defendants.**

**No. CIV–1–89–166.**

United States District Court, E.D. Tennessee, S.D.

April 12, 1991.

See also 767 F.Supp. 1425.

James F. Logan, James F. Logan, Jr., & Associates, Cleveland, Tenn., for plaintiff.

Roger E. Jenne, Jenne, Scott & Sellers, Cleveland, Tenn., for defendants.

## MEMORANDUM

EDGAR, District Judge.

Plaintiff Cheryl Prichard has filed a motion for an award of additional attorney's fees incurred as a result of the defendants' unsuccessful appeal to the Court of Appeals for the Sixth Circuit. (Court File No. 45). Defendant Don Ledford Pontiac Buick, Inc. ("Ledford, Inc.") has not timely filed a response. The Court deems Ledford, Inc. to have waived opposition to the motion. *Elmore v. Evans*, 449 F.Supp. 2, 3 (E.D.Tenn.1976), *aff'd*, 577 F.2d 740 (6th Cir.1978) (unpublished per curiam); LR 10.2, EDTN.

42 U.S.C. § 2000e–5(k) provides:

In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fee as part of the costs, and the Commission and the United States shall be liable for costs the same as a private person.

Plaintiff Cheryl Prichard is the prevailing party and is entitled to recover her reasonable attorney's fees. *Wooldridge v. Marlene Industries Corp.*, 898 F.2d 1169, 1173 (6th Cir.1990). It is appropriate for this Court to award attorney's fees incurred in regard to the appeal. *Norris v. Hartmarx Specialty Stores, Inc.*, 913 F.2d 253, 257 (5th Cir.1990); *Whatley v. Skaggs Companies, Inc.*, 707 F.2d 1129, 1140 (10th Cir.), *cert. denied*, 464 U.S. 938, 104 S.Ct. 349, 78 L.Ed.2d 314 (1983); *Bugg v. Int'l Union of Allied Indus. Workers of America*, 674 F.2d 595, 600–601 (7th Cir.1982); *Lowry v. Whitaker Cable Corp.*, 472 F.2d 1210 (8th Cir.1973).

The correct method for determining reasonable attorney's fees under 42 U.S.C. § 2000e–5(k) is the "lodestar" rule using the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate of compensation. *Coulter v. State of Tennessee*, 805 F.2d 146 (6th Cir. 1986), *cert. denied*, 482 U.S. 914, 107 S.Ct. 3186, 96 L.Ed.2d 674 (1987). The Court has previously determined in the case at bar that the market rate which would be necessary to employ a lawyer in Bradley County, Tennessee, to competently represent plaintiff in this litigation is $100.00 per hour.

The plaintiff's counsel has submitted an itemized statement which shows that he has expended 34.9 hours in performing legal services on the appeal and reviewing the bill of costs. (Court File No. 45). The Court has carefully reviewed the record and finds that the 34.9 hours that plaintiff's counsel spent working on the case were reasonable, necessary, and proper. Accordingly, the Court will award plaintiff a supplemental attorney's fee in the amount of $3,490.00 which is computed by multiplying 34.9 hours by the rate of $100.00 per hour.

Finally, plaintiff seeks to recover the following expenses in her motion for attorney's fees:

| | |
|---|---|
| (a) Transportation costs from Cleveland, TN to Chattanooga, TN | $ 5.40 |
| (b) Parking fees | 8.00 |
| (c) Airline fare from Chattanooga, TN to Cincinnati, OH | 602.00 |
| (d) Transportation costs from Chattanooga, TN to Cleveland, TN | 5.40 |
| (e) Housing cost in Cincinnati, OH | 137.62 |
| Total Expenses | $758.42 |

The Court cannot award these incidental out-of-pocket expenses incurred by plaintiff's counsel as part of the reasonable attorney's fees under section 2000e–5(k). The statute does not provide for the recovery of costs and attorney's expenses. The Sixth Circuit has held that the prevailing party in a civil rights action is in the same position as any other party with respect to costs available pursuant to 28 U.S.C. § 1920. *Goostree v. State of Tennessee,* 796 F.2d 854, 864 (6th Cir.1986); *Northcross v. Board of Education of Memphis City Schools,* 611 F.2d 624, 640 (6th Cir. 1979), *cert. denied,* 447 U.S. 911, 100 S.Ct. 2999, 64 L.Ed.2d 862 (1980). *See also Denny v. Westfield State College,* 880 F.2d 1465 (1st Cir.1989); *Williams v. Hevi–Levy Elec. Co.,* 122 F.R.D. 206, 210 (M.D.Tenn. 1988). The correct procedure for plaintiff to seek to recover such expenses is to file a bill of costs with the Clerk of Court pursuant to 28 U.S.C. §§ 1920 and 1924, and LR 6.4, EDTN. The Court will refer this matter involving costs to the Clerk of Court for consideration under LR 6.4, EDTN.

An order will enter.

### ORDER

In accordance with the accompanying memorandum, it is hereby ORDERED, ADJUDGED and DECREED that:

1. The plaintiff's motion for attorney's fees (Court File No. 45) is GRANTED. Cheryl Prichard is awarded the sum of $3,490.00 in supplemental attorney's fees to be paid by defendant Don Ledford Pontiac-Buick, Inc. pursuant to 42 U.S.C. § 2000e–5(k).

2. Cheryl Prichard's claim to recover expenses in the amount of $758.42 is referred to the Clerk of Court for consideration in the taxation of costs pursuant to 28 U.S.C. § 1920 and LR 6.4, EDTN.