948 F.2d 1292
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
McKinley DUDLEY, Plaintiff/Appellant,
v.
Jack R. DUCKWORTH, Warden, Weldon Cooke, Howard Morton, et
al., Defendants/Appellees.
 No. 91-1930.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 12, 1991.*
Decided Nov. 26, 1991.
 
 Before BAUER, Chief Judge, and EASTERBROOK and MANION, Circuit Judges.
 
 ORDER
 
 1
 Plaintiff-appellant McKinley Dudley refused to submit to a visual inspection of his anal cavity following a contact visit. As a result, the warden ordered a manual rectal examination. Dudley filed a section 1983 action against the prison warden, two correctional officers, and the prison physician alleging that they forced him to submit to a digital rectal examination in violation of his Fourth, Eighth, and Fourteenth Amendment rights. The district court entered summary judgment in favor of defendants. We affirm.
 
 FACTS[1]
 
 2
 The search took place at the Indiana State Prison, a maximum security facility. The Prison rules require that all inmates be strip searched before and after contact visits. Following contact visits, inmates are subjected to a thorough inspection, including "hair, mouth, ears, armpits, groin area, anal area, and feet." Moreover, a physical body cavity search may be conducted by a member of the medical staff when "reasonable suspicion exists to believe that contraband or prohibited property is lodged in the ... rectum ..."
 
 
 3
 On April 30, 1989, Dudley was notified that he had a visitor. Dudley proceeded to the visit control center where he undressed and submitted to a visual body cavity inspection. While Dudley was in the visiting room, another inmate named Leon was on the opposite side of the room with a female visitor. Leon's visitor was observed putting something under her dress. The visit control center was alerted and both inmates were asked to undress and submit to a visual body cavity search. Dudley undressed, but he refused to allow the guards to inspect his anal cavity.
 
 
 4
 The officers notified the duty officer, Officer Bonner, who in turn notified Warden Duckworth. Warden Duckworth directed the prison physician, Dr. Cooke, to conduct a manual rectal examination. Dr. Cooke instructed the prison staff to take Dudley to the local hospital for an X-ray. Dr. Cooke examined the X-ray and proceeded with a physical rectal examination. Nothing was found.
 
 ANALYSIS
 
 5
 We review the district court's entry of summary judgment de novo, drawing all reasonable inferences in favor of the non-moving party. New Burnham Prairie Homes, Inc. v. Village of Burnham, 910 F.2d 1474, 1477 (7th Cir.1990). Summary judgment is appropriate when "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). Because we conclude that there are no genuine issues of material fact,[2] we must determine whether defendants are entitled to a judgment as a matter of law.
 
 
 6
 The Fourth Amendment prohibits "unreasonable" searches. Bell v. Wolfish, 441 U.S. 520, 558 (1979) (upholding visual rectal searches of pretrial detainees following contact visits).[3] To evaluate the reasonableness of a search, a court must weigh "the need for the particular search against the invasion of personal rights that the search entails." Id. at 559. The following factors should be considered: (1) the scope of the particular intrusion; (2) the manner in which it is conducted; (3) the justification for initiating it; and (4) the place in which it is conducted. Id.
 
 
 7
 Although the manual rectal examination at issue was intrusive, it must be weighed against the legitimate interest in preventing the importation of contraband into a maximum security prison. The officers on duty had reasonable grounds to suspect that Dudley was concealing contraband. Dudley was in the visiting room when another inmate's visitor was suspected of distributing contraband. When Dudley refused to submit to a visual rectal search, the officers' suspicion was justifiably heightened.
 
 
 8
 The rectal search was conducted after Dudley refused the less intrusive alternative of a visual body cavity inspection. Moreover, Dr. Cooke first took an X-ray before he determined that a rectal examination was necessary. The examination was conducted by a physician in the prison hospital.
 
 
 9
 For the reasons stated above, we conclude that the search was reasonable under the Fourth Amendment. Likewise, we find nothing in the record to support Dudley's contention that the search constituted cruel and unusual punishment within the meaning of the Eighth Amendment or a violation of the Fourteenth Amendment. Cf. Bruscino v. Carlson, 854 F.2d 162, 166 (7th Cir.1988), cert. denied, 491 U.S. 907 (1989). The decision of the district judge is therefore
 
 
 10
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). Appellant has filed a statement requesting oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record
 
 
 [1]
 Dudley's brief contains several factual assertions made for the first time on appeal. Specifically, Dudley states that he was placed in leg irons when he refused to consent to the visual inspection of his anal cavity. (Appellant's Brief at page 4). Dudley also asserts that five or six prisoners came out of the visiting room after Dudley and Leon, but were not strip searched. (Appellant's Brief at page 15). Because these assertions were not made to the district court, we will not consider them on appeal. Holmberg v. Baxter Healthcare Corp., 901 F.2d 1387, 1392-93 n. 4 (7th Cir.1990)
 
 
 [2]
 On appeal, Dudley argues that several issues of material fact require reversal of the district court's entry of summary judgment. These arguments are without merit. The issues raised are largely undisputed and wholly irrelevant to a decision on Dudley's constitutional claims
 
 
 [3]
 Dudley suggests that he should have been treated as a pretrial detainee because this court had conditionally granted his petition for a writ of habeas corpus approximately eight months before his cause of action arose. Dudley v. Duckworth, 854 F.2d 967, 972 (7th Cir.1988), cert. denied, 490 U.S. 1011 (1989) (petition for writ of habeas corpus granted provided that State of Indiana does not retry petitioner within 120 days). There is no mention in the record before us concerning Dudley's retrial. However, even if Dudley could be classified as a pretrial detainee, the same standards would apply to the search at issue