4 F.3d 997
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
In the Matter of Arthur MANTI, Debtor-Appellee.
Appeal of Albert R. TADYCH.
 No. 92-2807.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 17, 1993.*
Decided Aug. 27, 1993.
 
 Before MANION and ROVNER, Circuit Judges, and FAIRCHILD, Senior Circuit Judge.
 
 ORDER
 
 1
 Arthur Manti filed a bankruptcy petition under Chapter 11 (later converted to Chapter 7), listing a debt of $10,000 owed to the appellant, Albert R. Tadych. Tadych represented Arthur Manti in the bankrutpcy proceedings until December 19, 1989. After Tadych withdrew his representation, the Trustee filed an objection to Tadych's claim and a request for sanctions as compensation for attorney's fees and expenses incurred in responding to various allegedly frivolous positions taken by Tadych while he was representing Manti.
 
 
 2
 Bankruptcy Judge Charles N. Clevert dealt with the objection to Tadych's claim and the request for sanctions in separate hearings. On April 19, 1991, Judge Clevert allowed Tadych's claim against the estate, but designated it as a "general unsecured claim without priority." On July 26, 1991, Judge Clevert imposed sanctions against Tadych under Bankruptcy Rule 9011, awarding $5122.27 to the Trustee, R. Arthur Ludwig.[1]
 
 
 3
 On appeal to the district court, see 28 U.S.C. Sec. 158(a), the record consisted of:
 
 
 4
 (1) Judge Clevert's April 19, 1991, order; (2) the docket sheet for the underlying bankruptcy action; (3) copies of various motions filed with the bankruptcy court; (4) a brief in support of [Tadych's] appeal (which merely contains Mr. Tadych's statement of the facts); and (5) a reply brief.
 
 
 5
 R. 20 (Decision & Order), at 2. Based on this record, the district court affirmed the judgment of the bankruptcy court, reasoning that
 
 
 6
 [b]ecause the appellate record does not contain the bankruptcy court's findings of fact and conclusions of law, the court is unable to conclude that Judge Clevert made findings of fact that were clearly erroneous or that he reached incorrect conclusions of law.
 
 
 7
 Id. at 5. Tadych has appealed to this court. He argues that the bankruptcy court erred by failing to require the Trustee to commence a separate adversary proceeding when the Trustee sought sanctions, a procedure he claims was required by Bankruptcy Rule 3007.[2] The Trustee disputes Tadych's interpretation of Rule 3007, but also argues that the appeal should be dismissed because Tadych failed to ensure that the district court had a sufficient record on which to review the bankruptcy court's decision.
 
 
 8
 We agree that the record before the district court was insufficient to enable it to conduct a meaningful review, and thus the court was justified in affirming the bankruptcy court. Bankruptcy Rule 8006 places on the appellant the responsibility for designating the record on appeal. Rule 8006 provides in part that "[t]he record on appeal shall include ... the judgment, order, or decree appealed from, and any opinion, findings of fact, and conclusions of law of the court." According to the district court, the record before it "lack[ed] the findings of fact and conclusions of law made by Judge Clevert in connection with each of the orders from which Mr. Tadych appeals." R. 20, at 2. Tadych thus failed to comply with Rule 8006, a perilous omission because "[f]ailure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court ... deems appropriate, which may include dismissal of the appeal." Rule 8001(a) (emphasis added). We have suggested that failure to designate the record on appeal within the time specified by Rule 8006 can result in the dismissal of an appeal under Rule 8001(a). See In re Bulic, No. 92-1530, 1993 U.S.App. LEXIS 15113, at * 8 (7th Cir. June 21, 1993). It follows that a complete failure to designate essential parts of the record on appeal can likewise result in dismissal or, as in this case, affirmance.
 
 
 9
 Tadych argues that the record on appeal was sufficiently complete to enable the district court to conduct a meaningful review. He claims that Judge Clevert's findings of fact and conclusions of law were before the district court, but he does not cite to the record. Instead, he cites to the appendix to the appellee's brief in this court, which contains a copy of Judge Clevert's order imposing sanctions on Tadych. See Reply Br. 6. However, according to the district court, Judge Clevert's order imposing sanctions was not in the record before it, and there is nothing in the record before us to contradict that. An appellate court (in which capacity the district court was acting) is constrained to rely on matters in the record. See Holmberg v. Baxter Healthcare Corp., 901 F.2d 1387, 1392 n. 4 (7th Cir.1990) (striking portions of brief referring to facts outside the record). We conclude that the district court did not abuse its discretion, see Bulic, supra, at * 8, in affirming the bankruptcy court's order on the basis that Tadych had failed to compile the necessary record on appeal.
 
 
 10
 Tadych also argues that the bankruptcy court lacked personal jurisdiction over him because Ludwig's request for sanctions against him was made in conjunction with an objection to a claim. This, he argues, turned the matter into an adversary proceeding, see Bankr.Rule 3007. Because no complaint was ever filed and hence no summons was ever served upon him, he concludes, the bankruptcy court lacked jurisdiction.
 
 
 11
 Whether Rule 3007 requires the filing of a separate complaint is an interesting question, but one which does not implicate the bankruptcy court's jurisdiction in this case. A bankruptcy court has jurisdiction to consider a motion to sanction an attorney for that attorney's conduct while practicing before the court. See Bankr.R. 9011(a). Clearly, the other party need not file a complaint against the attorney in order to move for sanctions. We conclude that, by representing Manti before the banckruptcy court, Tadych subjected himself to the bankruptcy court's jurisdiction, at least with regard to the issue of sanctions for his conduct during his representation of Manti.
 
 
 12
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court. The notice provided that any party might file a "Statement as to Need of Oral Argument." Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [1]
 The record lacks some important documents and does not reveal all of the information contained in this chronology of events. However, the parties' statements of the facts in their briefs agree on these points
 
 
 [2]
 An objection to the allowance of a claim shall be in writing and filed with the court. A copy of the objection with notice of the hearing thereon shall be mailed or otherwise delivered to the claimant, the debtor or debtor in possession and the trustee at least 30 days prior to the hearing. If an objection to a claim is joined with a demand for relief of the kind specified in Rule 7001, it becomes an adversary proceeding