**George LAMAS, Plaintiff,**

v.

**FREEMAN DECORATING COMPANY, Defendant.**

**No. 98 C 6820.**

United States District Court, N.D. Illinois, Eastern Division.

Dec. 14, 1999.

---

Armand L. Andry, Law Offices of Armand L. Andry, Oak Park, IL, for George Lamas.

Donald F. Peters, Jr., Christopher Paul Lyons, Law Office of Donald F. Peters, Jr., Chicago, IL, David R. Skowron, Law Offices of Donald F. Peters, Jr., Chicago, IL, for Freeman Decorating Co.

## MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

Plaintiff George Lamas alleges retaliation under Title VII, 42 U.S.C. § 2000e–1 *et seq.* The defendant moves for summary judgment. For the following reasons, the motion is granted.

George Lamas was an employee of defendant Freeman Decorating Company ("Freeman") from 1987 until he was discharged in June 1994. On July 7, 1993, Mr. Lamas, a Hispanic American, filed a complaint with the EEOC and the Illinois Department of Human Rights, claiming Freeman discriminated against him because of his national origin.

On June 23, 1994, Mr. Lamas was not wearing his Freeman shirt as required by company policy because of very hot temperatures in his workplace. When his manager, Harold Albaugh, directed him to put the shirt on, Mr. Lamas alleges that he reluctantly agreed to do so. Mr. Lamas claims that during their discussion, Mr. Albaugh stuck his finger in the chest of Mr. Lamas, at which point he became angry, used profanity, and threatened Mr. Albaugh, who then directed Mr. Lamas to punch out and leave the premises. Mr. Lamas claims that he asked Mr. Albaugh to punch him out so he would not get into trouble for leaving early. The next day, Mr. Lamas was fired for insubordination.

On July 1, 1994, Mr. Lamas filed another administrative complaint alleging retaliation. Mr. Lamas received a right-to-sue letter from the EEOC and filed suit on October 28, 1998 alleging national original discrimination and retaliation. In a March 9, 1999 Memorandum Opinion and Order, I dismissed Mr. Lamas' discrimination claim. Freeman now moves for summary judgment on the retaliation claim, which I grant for the reasons herein.

Summary judgment is appropriate where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c); *Lexington Ins. Co. v. Rugg & Knopp,* 165 F.3d 1087, 1090 (7th Cir. 1999). When considering a motion for summary judgment, I review the entire record, drawing all reasonable inferences in the light most favorable to the non-moving party. *Cornfield by Lewis v. Consolidated High School Dist. No. 230,* 991 F.2d 1316, 1320 (7th Cir.1993). The party opposing the motion, however, must make a showing sufficient to establish any essential element for which it will bear the burden of proof at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

Title VII makes it unlawful "for an employer to discriminate against an employee because the employee has opposed any practice made an unlawful employment practice by Title VII." 42 U.S.C. § 2000e–3(a). Mr. Lamas does not present direct evidence of retaliation, so he proceeds under the familiar *McDonnell–Douglas* burden shifting approach. *Hunt–Golliday v. Metropolitan Water Reclamation District,* 104 F.3d 1004, 1014 (7th Cir.1997). To demonstrate a prima facie case of retaliation, Mr. Lamas must establish: (1) that he engaged in statutorily protected activity; (2) that he suffered an adverse action; and (3) a causal link between the protected activity and the adverse action. *McClendon v. Indiana Sugars, Inc.,* 108 F.3d 789, 796 (7th Cir.1997). If Mr. Lamas establishes these elements, Freeman has the burden to produce a legitimate, nondiscriminatory reason for its actions, which Mr. Lamas must then prove is pretextual. *Debs v. Northeastern Ill. Univ.,* 153 F.3d 390, 397 (7th Cir.1998).

Mr. Lamas meets the first two factors of his prima facie case having engaged in a protected activity, the filing of a discrimination complaint, and having suffered the

adverse employment consequence of being terminated. The causal link between the two is more difficult.

In the absence of direct evidence, a plaintiff alleging retaliation may generally establish a causal link by introducing evidence that his discharge took place "on the heels of the protected activity." *McClendon v. Indiana Sugars, Inc.,* 108 F.3d 789, 796 (7th Cir.1997). However, as the temporal distance between the protected expression and the employer's adverse action increases, the likelihood that a causal link exists between the two events diminishes. *See, e.g., McKenzie v. Illinois Dept. of Transp.,* 92 F.3d 473, 485 (7th Cir.1996) (no causal connection where adverse employment action occurred 11 months after protected expression). The Seventh Circuit has recently reiterated that "a substantial time lapse between the protected activity and the adverse employment action 'is counter-evidence of any causal connection.'" *Filipovic v. K & R Express Systems, Inc.,* 176 F.3d 390, 399 (7th Cir. 1999) (citations omitted) (four month lapse between complaint and discipline insufficient to demonstrate causal link).

The substantial time lapse between Mr. Lamas' filing of his discrimination complaint in 1993 and his termination in 1994 does not necessarily preclude Mr. Lamas from making out a prima facie case of retaliation. *Davidson v. Midelfort Clinic, Ltd.,* 133 F.3d 499, 511 (7th Cir.1998). Mr. Lamas can overcome the delay between the events by introducing additional proof or circumstances which raise suspicion about the legitimacy of Freeman's acts, i.e. that his firing was attributable to his protected activity. *Veprinsky v. Fluor Daniel, Inc.,* 87 F.3d 881, 891 n. 6 (7th Cir. 1996); *Davidson v. Midelfort Clinic, Ltd.,* 133 F.3d 499, 511 (7th Cir.1998).

Mr. Lamas claims that the causal link between his complaint and his termination is demonstrated by the disparate treatment he received by Mr. Albaugh. *See, e.g., Johnson v. Palma,* 931 F.2d 203, 207 (2d Cir.1991) (A causal connection may be established either "indirectly by showing that the protected activity was followed closely by discriminatory treatment, or through other evidence such as disparate treatment of fellow employees who engaged in similar conduct.") Mr. Lamas alleges that, on the day of the events leading to his termination, other Freeman employees were not wearing their Freeman shirts but only he was singled out to put his shirt on. Mr. Lamas maintains that he was the only employee who complained about discrimination and the only employee terminated for insubordination in a work environment in which verbal outbursts, the use of profanity, and the failure to wear "Freeman shirts" was common.

■ Mr. Lamas does not allege that he participated in any other protected activity after he filed his first complaint with the EEOC or that he was subjected to any discipline until nearly a year later. Nor does Mr. Lamas allege any other evidence that Mr. Albaugh's treatment of him was based on retaliation.[1] Mr. Albaugh never mentioned his complaint or national origin and was not involved in the events which led Mr. Lamas to complain to the EEOC in the first place. I therefore cannot reasonably infer that Mr. Albaugh's decision to enforce the uniform policy was based on Mr. Lamas' EEOC charge.

In any event, the Seventh Circuit has held that it is unnecessary to decide whether the employee has met his burden of establishing a prima facie case if he cannot show pretext. *Holmberg v. Baxter Healthcare Corp.,* 901 F.2d 1387, 1391 (7th Cir.1990); *Sample v. Aldi, Inc.,* 61 F.3d 544, 548 (7th Cir.1995). Mr. Lamas relies upon the same evidence to establish pretext as he did to establish a causal link and again fails. Mr. Albaugh has testified that

---

1. The only other "evidence" offered by Mr. Lamas is that racial jokes were prevalent in the workplace among defendant's employees.

Mr. Lamas does not allege that any of these remarks were made by Mr. Albaugh or even in his presence.

the reason Mr. Lamas was fired was not because he did not have his Freeman shirt on but because he used profanity and threatened him, which he interpreted as direct defiance and insubordination. Despite his protests of being singled out for not wearing his shirt—which he knew to be a violation of company policy, Mr. Lamas admits to swearing at and threatening Mr. Albaugh, which he does not allege that any other employee did to Mr. Albaugh. Mr. Lamas thus acknowledges the factual accuracy of Mr. Albaugh's proffered reason for terminating and offers no evidence that it was not the actual motivation for his discharge. *Tincher v. Wal–Mart Stores, Inc.*, 118 F.3d 1125, 1129 (7th Cir.1997). Mr. Lamas is therefore unable to establish that a retaliatory intent more likely than not motivated Freeman to terminate Mr. Lamas nearly one year after he filed a discrimination complaint.

Because Mr. Lamas cannot establish a prima facie case of retaliation or pretext by Freeman, summary judgment is GRANTED in favor of the defendant.