**James S. MATTHEWS,**
**Plaintiff–Appellee,**

v.

**ROLLINS HUDIG HALL COMPANY, Aon Corporation, and George E. Corde, Sr., Defendants–Appellants.**

No. 94–3895.

United States Court of Appeals,
Seventh Circuit.

Argued Sept. 21, 1995.

Decided Dec. 6, 1995.

Darlene A. Vorachek (argued), Vicki Lafer Abrahamson, Janice M. Rauen, Abrahamson & Associates, Chicago, IL, for James S. Matthews.

Kenneth T. Lopatka, Steven L. Brenneman (argued), Jacqueline M. Damm, Matkov, Salzman, Madoff & Gunn, Chicago, IL, for Rollins Hudig Hall Company, Aon Corporation, George E. Corde, Sr.

Before CUMMINGS, MANION, and KANNE, Circuit Judges.

MANION, Circuit Judge.

James Matthews brought suit against Rollins Hudig Hall Company, Aon Corporation and George E. Corde, Sr. in the Northern District of Illinois alleging a violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 ("ADEA"), and asserting a state law fraudulent inducement claim. Defendants moved to compel arbitration and to stay the federal litigation. The district court denied defendants' motion. The defendants appeal and we reverse.

## I. Background

On June 4, 1988, shortly before his 66th birthday, James Matthews was hired by Rollins Hudig Hall Company ("Rollins Hall") (formerly known as Rollins Burdick Hunter) as a consultant. Matthews and Rollins Hall executed a written employment contract ("Agreement").[1] The Agreement provided for an employment term of five years, during which time Rollins Hall could only fire Matthews for "cause." The Agreement defined "cause" as:

> a failure by the Executive to settle internal financial accounts with the Company within thirty (30) days of written demand, or his engagement in any of the Restricted Activities specified in Article (4) of this Agreement, or his conviction of a felony, or a violation by him of the laws or regulations applicable to insurance brokers of the jurisdiction where he works resulting in a revocation or suspension of his license, or other act involving moral turpitude, or his material breach of this Agreement.

The Agreement also contained an arbitration clause which provided as follows:

(16) ARBITRATION

> Any controversy or claim relating to a breach of this Agreement shall be determined and settled by arbitration in the State of Illinois, City of Chicago in accordance with the rules of the American Arbitration Association. Any award or decision rendered in such arbitration shall be final and binding on the parties hereto, and judgment may be rendered in any court having jurisdiction thereof.

On June 1, 1993, days before the five-year term of employment expired, Rollins Hall fired Matthews. Rollins Hall asserted "cause" in terminating Matthews based on a material breach of the Agreement, namely Matthews' "failure to devote his best efforts and dedication to promoting the business of [Rollins Hall]."

Matthews responded by filing a demand for arbitration with the American Arbitration Association, alleging wrongful termination. That same day, Matthews also filed suit in the Northern District of Illinois against Rollins Hall, Rollins Hall's Executive Vice President George E. Corde, Sr., and Rollins Hall's alleged parent corporation Aon Corporation (referred to collectively as "Rollins Hall" or "defendants"). In his complaint, Matthews alleged that the defendants terminated him based on his age in violation of the ADEA, and that the "cause" asserted by defendants was pretextual. Matthews later amended his complaint to include a claim of fraudulent inducement. In this regard, Matthews alleged that prior to entering into the employment contract, Rollins Hall fraudulently represented that he need not generate any new business.

Based on the arbitration clause contained in the Agreement, defendants moved pursuant to the Federal Arbitration Act ("FAA") to compel arbitration of Matthews' claims and to stay the present action pending arbitration. The district court denied Rollins Hall's motion, finding that Matthews' ADEA and fraudulent inducement claims were not "relating to a breach of th[e] Agreement" and were thus not arbitrable under the terms of the Agreement. Rollins Hall appeals.[2]

---

1. Matthews originally executed the Agreement with Rollins Burdick Hunter, but the defendants do not dispute that the Agreement applies to Rollins Hudig Hall pursuant to the Agreement's successorship clause.

2. Defendant Corde also filed a motion to dismiss, arguing that he could not be held liable, individually, for violations of the ADEA. The district court denied this motion. While this is not an issue on appeal, we note for the sake of completeness that the district court's decision was reached without the benefit of our decision in *E.E.O.C. v. AIC Security Investigations, Ltd.*, 55 F.3d 1276, 1279 (7th Cir.1995), in which we held that individuals do not independently meet the

## II. Analysis

■ Originally enacted in 1925, the Federal Arbitration Act ("FAA") provides that "[a] written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction ... shall be valid, irrevocable, and enforceable...."[3] 9 U.S.C. § 2. "The FAA also provides for stays of proceedings in federal district courts when an issue in the proceeding is referable to arbitration, § 3; and for orders compelling arbitration when one party has failed, neglected, or refused to comply with an arbitration agreement, § 4." *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 25, 111 S.Ct. 1647, 1651, 114 L.Ed.2d 26 (1991) (citing 9 U.S.C. § 3, 4).

■ Whether an issue is referable to arbitration, such that a stay and/or an order to compel arbitration is appropriate, is a question of contract interpretation, for "a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *Schacht v. Beacon Ins. Co.*, 742 F.2d 386, 390 (7th Cir.1984). Yet, in interpreting the construction of the contract language, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration...." *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25, 103 S.Ct. 927, 941, 74 L.Ed.2d 765 (1983). This is because of the overriding federal policy favoring arbitration. *Id.* at 24, 103 S.Ct. at 941 (noting the "liberal federal policy favoring arbitration agreements").

Thus, " '[a]n order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage.' " *Schacht*, 742 F.2d at 390 (quoting *United Steelworkers of America v. Gulf Navigation Co.*, 363 U.S. 574, 582, 80 S.Ct. 1347, 1352–53, 4 L.Ed.2d 1409 (1960).

■ Against this backdrop, we consider the arbitration clause in the Agreement between Matthews and Rollins Hall. The clause provided for arbitration of "[a]ny controversy or claim relating to a breach of this Agreement...." The district court held that Matthews' ADEA and fraudulent inducement claims were not "relat[ing] to a breach of th[e] Agreement" and, therefore, not subject to arbitration. We review this determination *de novo. Kresock v. Bankers Trust Co.*, 21 F.3d 176, 177–78 (7th Cir.1994) ("We review de novo the district court's denial of [defendant's] motion to compel arbitration.").

### A. ADEA Claim

■ First, we consider whether Matthews' ADEA claim is "relating to a breach of th[e] Agreement."[4] In his complaint, Matthews alleged that Rollins Hall purported to terminate him for "cause" under the Agreement, the "cause" being that Matthews "did not demonstrate his best efforts and dedication to promoting the business of [Rollings Hall]." According to Matthews, however, the proffered reason for his termination

---

Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., definition of "employer" and therefore cannot be held liable under the ADA. The same principle applies here.

3. Matthews admits that his contract with Rollins Hall constituted "a transaction involving commerce." But he contends that the FAA does not apply to him based on Section 1's exemption for "workers engaged in foreign or interstate commerce." Matthews contends that this provision excludes all employees from the scope of the FAA. The Seventh Circuit, however, has held that this exclusion is limited to transportation workers, or in other words, workers actually engaged in the movement of goods in interstate commerce, of which Matthews is undisputedly not. *Pietro Scalzitti Co. v. International Union of*

*Operating Engineers, Local No. 150,* 351 F.2d 576, 579–80 (7th Cir.1965); *Miller Brewing Co. v. Brewery Workers Local Union No. 9,* 739 F.2d 1159, 1162 (7th Cir.1984). We see no reason to overturn these well-established precedents.

4. We note initially that ADEA claims are arbitrable. *Gilmer,* 500 U.S. at 26, 111 S.Ct. at 1652. In fact, the Civil Rights Act of 1991 encouraged the use of arbitration to resolve ADEA claims. The Civil Rights Act of 1991, P.L. 102–166, Section 118 ("Where appropriate and to the extent authorized by law, the use of alternative means of dispute resolution, including ... arbitration, is encouraged to resolve disputes arising under the Acts or provisions of Federal law amended by the title.").

was "pretextual and a coverup for the real reason, which was the Plaintiff's age." Matthews also alleged that "defendants further contrived 'cause' reasons for Plaintiff's termination on June 1, 1993 because they believed that Plaintiff was too old to be a consultant or remain employed in any other capacity with [Rollins Hall]."

Matthews' allegations clearly entwine the question of breach of contract with the ADEA claim and demonstrate that both claims are "related." Both the ADEA and the breach of contract claims arise out of the same facts, and concern what Matthews considers the real reason for his termination. Moreover, if Matthews' termination was based on his age rather than for the reasons given, as he contends, his termination not only violated the ADEA, but also breached the employment contract since age was not a valid "cause" for termination. Because the arbitration clause in the Agreement is not limited to breaches of the Agreement, but rather extends to any controversy or claim "relating to a breach," Matthews' ADEA claim falls within the scope of the arbitration clause and therefore is subject to arbitration. Moreover, this conclusion is compelled by the Supreme Court's dictate that "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration...." *Moses H. Cone*, 460 U.S. at 24–25, 103 S.Ct. at 941.

### B. Fraudulent Inducement

■ That still leaves the fraudulent inducement claim.[5] Again, our focus concerns whether this claim is "relating to a breach of th[e] Agreement" and we resolve any doubts in favor of arbitration. *Moses H. Cone*, 460 U.S. at 24, 103 S.Ct. at 941.

In his complaint, Matthews alleged that the defendants had, at the time of the Agreement, represented to him that he was not required to produce new aviation insurance business. Yet when he "failed to produce new aviation insurance business ... during the first five years of his contract, Plaintiff's employment was terminated." This, Matthews contends, constituted fraudulent inducement.

Matthews' allegations demonstrate that his fraudulent inducement claim is "related to a breach of th[e] Agreement" because it directly relates to whether Matthews breached the Agreement by failing to produce new business, or whether Rollins Hall breached the Agreement by terminating Matthews without cause. The Fourth Circuit reached a similar conclusion in *Peoples Security Life Ins. Co. v. Monumental Life Ins. Co.*, 867 F.2d 809 (4th Cir.1989). In *Peoples Security* the agreement at issue included an arbitration provision which provided for arbitration of "[a]ny question, charge, complaint, or grievance believed to constitute a breach or violation of the Agreement." The Fourth Circuit held that a claim for fraud in the inducement was subject to arbitration under the above clause. *Id.* at 810. The arbitration clause at issue here is almost identical to that at issue in *Peoples Security*. Similarly, this court in *Schacht v. Beacon Ins. Co.*, 742 F.2d 386, 389–90 (7th Cir.1984), held that a claim of fraudulent inducement was arbitrable under a clause requiring arbitration of disputes concerning "the interpretation or performance of the Agreement." The language here is not as broad as that used in *Schacht*, but given Matthews' allegations connecting his fraudulent inducement claim to a breach of contract, *Schacht* controls. Moreover, arbitration of a particular grievance is proper "unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *Schacht*, 742 F.2d at 390 (quoting *United Steelworkers*, 363 U.S. at 582, 80 S.Ct. at 1352–53). We therefore conclude that Matthews' fraudulent inducement claim is subject to arbitration because it is "relating to a breach of th[e] Agreement" with Rollins Hall. Accordingly, the district court should have stayed litigation and compelled

5. As a basis for jurisdiction over the fraudulent inducement claim, Matthews asserted supplemental jurisdiction based on the underlying ADEA claim, under 28 U.S.C. § 1367. Because the ADEA claim should have been referred to arbitration, we pause to note that we also have jurisdiction over the fraudulent inducement claim based on Matthews' allegations of diversity of citizenship and damages in excess of $50,000, under 28 U.S.C. § 1332.

arbitration of the fraudulent inducement claim.

### III. Conclusion

In line with the Supreme Court's instruction that "any doubt concerning the scope of arbitrable issues should be resolved in favor of arbitration," we conclude that Matthews' ADEA and fraudulent inducement claims are subject to arbitration. *Moses H. Cone,* 460 U.S. at 24–25, 103 S.Ct. at 941–42. Accordingly, we remand this case to the district court to enter an appropriate order to stay litigation and to compel arbitration.

REVERSED AND REMANDED.