**Rudolph MARSILI, Plaintiff,**

v.

The **ARLINGTON HEIGHTS FIRE DE-PARTMENT, The Village of Arlington Heights, a Municipal, Corporation, Bruce Rodewald, individually and in his capacity as Chief for the Arlington Heights Fire Department and Charles C. Kramer, individually and in his official capacity as Deputy Chief of the Arlington Heights Fire Department, Defendants.**

**No. 96 C 6309.**

United States District Court,
N.D. Illinois,
Eastern Division.

Jan. 13, 1998.

John W. Fisher, Law Offices of John W. Fisher & Associates, Peru, IL, for Plaintiff.

Jack M. Siegel, Altheimer & Gray, Chicago, IL, for Defendants.

## MEMORANDUM OPINION AND ORDER

GETTLEMAN, District Judge.

Plaintiff Rudolph Marsili has filed a five-count amended complaint pursuant to the Age Discrimination Employment Act, 29 U.S.C. § 621 et seq. ("ADEA"), against the Arlington Heights Fire Department ("Department"), the Village of Arlington Heights ("Village"), a Municipal Corporation, Bruce Rodewald ("Rodewald"), individually and in his official capacity as chief of the Department, and Charles C. Kramer ("Kramer"), individually and in his official capacity as deputy chief of the Department. Count I alleges that defendants violated the ADEA by repeatedly rejecting plaintiff's application for admission to a paramedic training course on account of his age. Count II alleges that two of the defendants, the Village and the Department "knew and/or showed reckless disregard for the matter of whether their conduct alleged in Count I was prohibited by the ADEA." Count III, which alleges a claim under 42 U.S.C. § 1983 for the alleged

age discrimination, was dismissed on plaintiff's motion. Counts IV and V are state law claims for intentional infliction of emotional distress and breach of contract. Defendants have moved to dismiss pursuant to Fed. R.Civ.P. 12(b) or in the alternative, for summary judgment pursuant to Fed.R.Civ.P. 56(c) on all counts of the complaint. Because defendants' motion relies on affidavits and documents not contained in the complaint, the court will treat it as filed under Rule 56. For the reasons set forth below, the court grants defendants' motion on Count I and dismisses Counts II, IV, and V.

### FACTS[1]

Plaintiff was born on September 20, 1934. He was hired by the Village as a firefighter on October 3, 1966. In 1972, the Department instituted a paramedic training program whereby it sponsored eligible and interested firefighters in obtaining their paramedic training certification. In 1992, plaintiff began expressing interest in becoming a certified paramedic. Specifically, in direct response to several memoranda addressed to all Village personnel interested in attending the paramedic training program, plaintiff submitted written requests to the paramedic program administrator on April 22, 1992, November 21, 1992, May 2, 1993, December 14, 1993, and August 5, 1994. Neither party has provided any facts or circumstances regarding plaintiff's 1992 requests to attend the program in their briefs, Local Rule 12(M) or 12(N) statements, or in their supporting depositions or affidavits. With regard to plaintiff's May 1993 request, plaintiff was the only firefighter who expressed any interest in attending the program at that time.

The Village denied outright all but one of plaintiff's requests. In response to his December 14, 1993 request, however, plaintiff was directed to contact the paramedic course administrator at the Northwest Community Hospital for an interview and a pre-test. At the same time, two other firefighters, Bernie Lyons and Michael Nolan, also submitted requests and were directed to interview and take the pre-test. After taking the pre-test,

---

1. The facts are based on the undisputed facts set forth in the parties' Local Rule 12(M) and 12(N) statements and responses thereto as well as the parties' briefs regarding summary judgment.

Nolan withdrew his enrollment request. Plaintiff marginally passed the pre-test, receiving a score that indicated a potential difficulty mastering the course material. Lyons' pre-test score, on the other hand, indicated that he would have little trouble mastering the course material. Nonetheless, the Department decided not to enroll anyone in the course at that time. When the course was offered the following fall, defendants elected to send Lyons, who was younger than the protected age group.

In 1991, the Department entered into a contract with the firefighters which required the Department to enroll the most senior conditional employee in the paramedic training program. Pursuant to the contract, in 1993, the Department enrolled firefighter Edward Szarek in the course because he was the most senior conditional employee. Szarek, like plaintiff, had received a marginally passing pre-test grade.

Department members testified that the Department considers the following factors when making course enrollment decisions: manpower constraints; availability of individuals; the amortization of the cost of the training over the candidate's expected additional years of service; and the best interests of the Department. With regard to the last factor, the contract between the Village and the Arlington Heights Firefighters Association states that the personnel decisions "shall be based on overall assessment of departmental needs."

On his Employee Performance Rating Report in November 1991, prior to any of the incidents of which plaintiff complains, plaintiff listed as his only "goal[ ] or improvement program[ ] to be undertaking during [the] next evaluation period," "Health, Wealth, and Retirement." In May 1993, plaintiff applied for retirement but subsequently withdrew his request upon realizing that he had used more vacation days than the Department had authorized and would have had to pay the Village back pay if he had retired at that time. On November 28, 1995, plaintiff submitted his application for retirement and subsequently retired.

Plaintiff filed a charge of age discrimination with the Equal Employment Opportunity Commission and the Illinois Department of Human Rights on October 25, 1995. On April 22, 1996, the EEOC issued plaintiff a Notice of the Right to Sue. Shortly thereafter, plaintiff filed this lawsuit alleging that defendants had discriminated against him on the basis of age by refusing his repeated requests to attend the paramedic training program. Plaintiff subsequently dismissed Count III of his complaint.

## ANALYSIS

Under Fed.R.Civ.P. 56(c), summary judgment is appropriate if "there is no genuine issue of material fact and ... the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). A genuine issue of material fact exists only when the evidence could allow a reasonable jury to return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 . S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). When reviewing a motion for summary judgment, the Court must read the facts in the light most favorable to the non-moving party. *Id.* at 255, 106 S.Ct. at 2513.

Defendants have moved for summary judgment on all counts arguing that no genuine issue of material facts exists as to whether they violated the ADEA when they refused to enroll plaintiff in the paramedic training program.

Under the ADEA, a plaintiff may prove age discrimination in one of two ways. He may try to prove discrimination directly "by presenting direct or circumstantial evidence that age was the determining factor in [plaintiff's] discharge." *Anderson v. Baxter Healthcare Corp.*, 13 F.3d 1120, 1122 (7th Cir.1994). Or, a plaintiff "may utilize the indirect, burden-shifting method of proof for Title VII cases originally set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), and later adapted to age discrimination claims under the ADEA." *McCoy v. WGN Continental Broadcasting Co.*, 957 F.2d 368, 371 (7th Cir.1992) (quoting *Oxman v. WLS–TV*, 846 F.2d 448, 452 (7th Cir.1988)).

Under the *McDonnell Douglas* burden-shifting approach, a plaintiff must

first establish a prima facie case of discrimination. In order to establish a prima facie case of age discrimination, a plaintiff must show: (1) he is a member of a protected age group; (2) his work met his employer's legitimate expectations; (3) he was subject to a materially adverse employment action; and (4) younger employees were treated more favorably. *Sirvidas v. Commonwealth Edison Co.*, 60 F.3d 375, 377 (7th Cir.1995). Applying this prima facie case to a situation involving a failure to promote, a plaintiff must show: (1) he was a member of the protected class (age 40 or over); (2) he was qualified and applied for the position in question; (3) he was denied the position; and (4) after the denial, the position remained open and the employer continued to seek applicants from persons of plaintiff's qualifications. *Holley v. Chicago Cable TV*, 1997 WL 619872 (N.D.Ill.1997) (citing *Rabinovitz v. Pena*, 89 F.3d 482, 486 (7th Cir.1996)).

Once a plaintiff establishes this prima facie case, a presumption of discrimination is established and the burden then shifts to the employer to provide a legitimate nondiscriminatory reason for its actions. *Sirvidas*, 60 F.3d at 377. If the employer provides a legitimate explanation, "the presumption of discrimination dissolves, and the burden shifts back to the plaintiff to show that the employer's proffered reasons are a pretext for age discrimination. Thus, the ultimate burden of persuasion remains with the plaintiff." *Id.* (citations omitted).

The Supreme Court recently clarified the employer's burden of proof under the disparate treatment theory of age discrimination, stating that "there is no disparate treatment under the ADEA when the factor motivating the employer is some feature other than the employee's age." *Hazen Paper Co. v. Biggins*, 507 U.S. 604, 609, 113 S.Ct. 1701, 1705, 123 L.Ed.2d 338 (1993). The Court further explained that Congress enacted the ADEA to address primarily disparate treatment cases because of "its concern that older workers were being deprived of employment on the basis of inaccurate and stigmatizing stereotypes." *Id.* at 610, 113 S.Ct. at 1707. Thus, "[w]hen the employer's decision is wholly motivated by factors other than age,

the problem of inaccurate and stigmatizing stereotypes disappears. This is true even if the motivating factor is correlated with age ..." *Id.* at 611, 113 S.Ct. at 1707.

In *Hazen Paper Co.*, the Court found that the employer had not discriminated on the basis of age under the ADEA when it fired a 62 year old employee to prevent his 10 year pension benefit from vesting. The Court explained that "the law requires the employer to ignore the employee's age ... it does not specify further characteristics that an employer must also ignore." *Id.* at 612, 113 S.Ct. at 1707. Thus, even though younger employees are less likely to become vested than older employees, a decision to fire an older employee because he is close to becoming vested is not discriminatory because "[t]he prohibited stereotype ('Older employees are likely to be ___') would not have figured in this decision and the attendant stigma would not ensue. The decision would not be the result of an inaccurate and denigrating generalization about age, but would rather represent an accurate judgment about the employee ..." *Id.*

In the instant case, it is undisputed that plaintiff was a member of the protected class, that he was qualified to enroll in the course, and that he demonstrated an adverse change in the conditions of his employment by being denied the opportunity to obtain a promotion through paramedic training certification. Thus, plaintiff has established three of the four elements of a prima facie case. Defendants argue that plaintiff has not and cannot establish the last element—whether the department continued to solicit and/or enroll firefighters with qualifications that equaled but did not exceed plaintiff's qualifications.

Defendants argue that plaintiff was not as qualified as other applicants who enrolled in the paramedic course. In fact, defendants argue that plaintiff was the least qualified because: (1) he had only marginally passed the course and was therefore less likely to complete the course successfully; and (2) he had indicated a desire to retire on two previous occasions and was therefore less likely to justify the cost of the training over his remaining years as a paramedic firefighter. Responding to defendants' arguments, plain-

tiff refutes the fact that he was the least qualified by referring to the testimony of firefighter Szarek, who stated that defendants enrolled him in the course despite his marginally passing pre-test score of 79. Plaintiff also asserts that he would not have retired had he been promoted to paramedic duties. He claims that he indicated a desire to retire only after the Department had repeatedly refused to enroll him in the program.

It is uncontested, however, that Szarek was the most senior conditional employee at the time the Department enrolled him in the course, and thus the Department was contractually required to send him to the paramedic training program. Further, the only other employee whom plaintiff referred to in his brief was firefighter Lyons. Defendants contend that Lyons was enrolled in the course because he received a passing score, not a marginally passing score, on his pretest. Thus, while defendant is correct that some of the evidence indicates that plaintiff was not as qualified as other firefighters who were enrolled in the course, for purposes of this motion, the court will assume that Szarek and plaintiff were similarly situated and, based on that assumption, plaintiff can establish a prima facie case.

■ Giving plaintiff that assumption, however, does not defeat defendants' motion because defendants have "clearly set forth, through the introduction of admissible evidence, the [non-discriminatory] reasons for the plaintiff's rejection." *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 254, 101 S.Ct. 1089, 1094, 67 L.Ed.2d 207 (1981). Defendants assert that they refused to enroll plaintiff in the course because he had indicated a desire to retire and was therefore less likely to realize the cost of the training over the remaining duration of his employment. As noted previously, when assessing various candidates for paramedic training, the Department, consistent with its contract with the Firefighters Association, considers the amortization of the cost of the training over the candidate's expected additional years of service and, among other facts, the best interests of the Department.

In response, plaintiff contends that he would not have retired had he been promoted to paramedic duties. He claims that he indicated a desire to retire only after the department had repeatedly refused to enroll him in the program. The undisputed facts of this case, however, tell a different story. In November 1991, at least four months before plaintiff submitted his first paramedic training request, plaintiff indicated that his goals for the following evaluation period consisted entirely of "Health, Wealth, and Retirement." While this statement does not constitute an application for retirement, defendants could—and did—reasonably conclude that it is a statement of an intention to retire in the near future. This conclusion was strengthened by the fact that plaintiff waited twenty years before indicating any intent to participate in the paramedic training program. After reviewing plaintiff's pre-test score and the amortization of the cost of training someone who planned on retiring in the near future, defendants reasonably decided not to enroll plaintiff in the course.

In response to defendants' articulated reasons for refusing to enroll plaintiff in the course, plaintiff must demonstrate that the proffered reason was not the true reason for the employment decision. "This burden now merges with the ultimate burden of persuading the court that [he] has been the victim of intentional discrimination. [He] may succeed in this either by directly persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." *Burdine*, 450 U.S. at 256, 101 S.Ct. at 1095.

Plaintiff refers to two statements made by defendant Kramer to show that the Department's proffered reasons were a pretext for age discrimination. First, plaintiff refers to the testimony of Ed Weiler, who heard Kramer state that he was not going to enroll Plaintiff in the paramedic training course because "they wanted to send someone younger that hadn't been on the job so long, that would be around for a while to do the department some good." Plaintiff next refers to the testimony of Daniel Meyer, who heard Kramer at a different time state that plaintiff

"would not be sent because he's been around here too long."

Even when these statements are considered, however, the facts of this case do not establish that defendants' decision not to enroll plaintiff in the paramedic program was based on age bias. In *Hazen Paper Co.*, the Supreme Court held that a defendant's proffered reason can be closely related or correlated with the employee's age, so long as it does not incorporate or infer any inaccurate or stigmatizing stereotypes. 507 U.S. at 609, 113 S.Ct. at 1705. The court finds that Kramer's statements, taken in the light most favorable to plaintiff, neither indicate that age motivated defendants nor show that the Department was lying when it provided its reasons for refusing to enroll plaintiff in the training course.

Like the *Hazen* employer's decision to terminate an older employee to prevent his pension from vesting, these statements create no inference of age bias but instead indicate that defendants were motivated by an economic reason, correlated with age. Defendants based their decision on the Department's need to select employees who "would be around for a while" and could therefore justify the cost of the training over the duration of their employment as a paramedic. In fact, given this reason, the Department most likely would have refused to send any employee, regardless of age, who indicated an intention to terminate his employment with the Department in the near future. In considering plaintiff's possible future years of service as a paramedic, defendants had to consider plaintiff's 1991 goal of "Health, Wealth, and Retirement" as well as his subsequent written application for retirement in May 1993.

■ Because plaintiff has failed to proffer sufficient evidence on which a reasonable jury could conclude that plaintiff was the victim of age discrimination, the court grants defendants' motion for summary judgment

on Count I of the complaint.[2] Because the court has granted summary judgment on Count I, the only claim court has granted summary judgment on Count I, the only claim over which it has original jurisdiction, it declines to extend supplemental jurisdiction over Counts II, IV, and V pursuant to 28 U.S.C. Sec. 1367(c)(3).

For the foregoing reasons, the court grants defendants motion for summary judgment on Count I of the complaint and dismisses Counts II, IV and V.

---

2. In any event, the court would dismiss the counts against defendants Kramer and Rodewald in their individual capacities because individuals who do not independently meet the ADA's definition of "employer" cannot be held liable under the ADEA. The ADA, the ADEA, and Title VII use the same definition of "employer". *See E.E.O.C. v. AIC Security Investigations, Ltd.*, 55 F.3d 1276, 1279 (7th Cir.1995); *Matthews v. Rollins Hudig Hall Co.*, 72 F.3d 50 (7th Cir. 1995).