165 F.3d 31
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Marilyn ELLMAN, Plaintiff-Appellant,
v.
Dr. Joseph HENTGES and Woodstock Community Unit School
District No. 200 Defendants-Appellees.
 No. 97-3595.
 United States Court of Appeals, Seventh Circuit.
 Argued May 19, 1998.
Decided Sept. 1, 1998.
 
 Appeal from the United States District Court for the Northern District of Illinois, Western Division. No. 96 C 50217, Philip G. Reinhard, Judge.
 Before Hon. RICHARD D. CUDAHY, Hon. FRANK H. EASTERBROOK, Hon. DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 Marilyn Ellman, a 61-year-old school psychologist, filed three complaints with the Illinois Department of Human Rights ("IDHR") and the Equal Employment Opportunity Commission ("EEOC") against her employer, Woodstock Community Unit School District No. 200 ("District"), claiming that the District's treatment of her violated the Age Discrimination in Employment Act ("ADEA"), 29 U.S .C. § 621 et seq. Right-to-sue letters followed, and she filed her age discrimination suit in federal court, naming as defendants both the District and its superintendent, Dr. Joseph Hentges (to whom we will refer as the "defendants"). Ellman alleged that the defendants had discriminated against her on numerous occasions based on her age, and then retaliated against her for filing her claims with the IDHR and EEOC. After an extended series of motions, hearings, and attempted ex parte contacts with the district court, the district judge eventually struck a large supplemental filing by Ellman and granted the defendants' motion for summary judgment. Ellman appeals the district court's decision to strike her supplementary filing and its grant of summary judgment for the defendants on her discrimination claim. She does not appeal the summary judgment for the defendants on her retaliation claim.
 
 
 2
 * Ellman dedicates just two pages at the end of her brief to the district court's decision to strike her Supplemental Memorandum. In the proceedings before the district court, Ellman made several attempts to file that document, which consisted of an affidavit signed by Ellman accompanied by numerous exhibits. The district court rejected her attempts, first for failing to obtain the court's permission to file the document, and then for failure to comply with Northern District of Illinois Local Rule 12(N). Eventually, the district court permitted Ellman to file the Supplemental Memorandum solely to allow her to preserve a record of its existence for appeal, but the court then promptly struck it for purposes of deciding the defendants' summary judgment motion, again citing Rule 12(N).
 
 
 3
 Ellman makes a vague argument that we should order the district court to permit her to file her supplement as an amended or new Rule 12(N) statement because she was prejudiced by the court's refusal to do so. She cites one inapposite case, Sledd v. Lindsay, 102 F.3d 282 (7th Cir.1996), for the uncontroversial proposition that this court's independent review of a summary judgment granted in the Northern District of Illinois entails de novo review of the 12(M) and (N) statements filed in the court below. It is not at all clear how Sledd can be made to stand for either of the unprecedented rules Ellman appears to be attributing to that case: (1) that we are required to incorporate into our review of the 12(M) and (N) statements the materials that were stricken by the district court, or (2) that the district court was required to accept all supplemental filings that Ellman believed would improve her chances of winning at summary judgment. In Sledd we observed that the district court had accepted the plaintiff's 12(N) statement and then, on de novo review, we concluded that the court had misread it. That is not the situation here, where the district court accepted the initial 12(N) statement and then declined to allow it to be modified or replaced. Sledd is not this case. Rather, this is yet another of those "many cases ... in which parties simply did not file responses or statements in the form required by the local rule." Sledd, 102 F.3d at 285.
 
 
 4
 Regardless, our review of Ellman's Supplemental Memorandum leaves us convinced that the district court did not abuse its discretion when it struck the offending document from the record. See Feliberty v. Kemper Corp., 98 F.3d 274, 278 (7th Cir.1996). Two examples will suffice. The Supplemental Memorandum offers no clue as to how the affidavit it includes differs from the one Ellman submitted with her original 12(N) statement. Second, there is no connection between the Supplemental Memorandum and either the defendants' 12(M) statement or Ellman's original 12(N) statement--no attempt to link the materials in the paragraph-by-paragraph form required by Rule 12, or otherwise to provide a more general road map of the purpose of the supplement, or even to point out what it might add to the points made by the parties in their earlier submissions. The district court's decision to strike the Supplemental Memorandum was well within the scope of its discretion. See Feliberty, 98 F.3d at 277-78; see also Weeks v. Samsung Heavy Indus. Co., 126 F.3d 926, 938 & n. 5 (7th Cir.1997).
 
 II
 
 5
 Before reaching the merits of the rest Ellman's appeal, we must address the defendants' motion to strike Ellman's main brief, which we grant in part. On appeal, rather than working with the facts that were before the district court, and then limiting her use of the information in the Supplemental Memorandum to the section of her brief in which she challenges the merits of the district court's decision to strike it, Ellman simply treats the Supplemental Memorandum as part of the record. She cites almost exclusively to it in the "Facts" section of her brief, without any indication that the "facts" she refers to were not before the district court on summary judgment. Ellman's brief is a textbook violation of Federal Rules of Appellate Procedure 10 and 28. In fact, her reliance on the Supplemental Memorandum permeates her entire brief, and we are in no position to rewrite it for her. We therefore strike the entire "Facts" section of Ellman's brief, and all alleged facts recited in her "Argument" section. See Holmberg v. Baxter Healthcare Corp., 901 F.2d 1387, 1392-93 n. 4 (7th Cir.1990).
 
 III
 
 6
 Ellman's appeal on the merits fares little better than her efforts to overturn the district court's procedural rulings. We will dispose of Hentges first. Ellman's complaint does not clearly implicate Hentges, but even giving her the benefit of the doubt, we cannot see how Hentges--an individual whom Ellman does not allege, let alone show, was her "employer"--could have been liable on her federal age discrimination claims. See Matthews v. Rollins Hudig Hall Co., 72 F.3d 50, 52 n. 2 (7th Cir.1995); Wathen v. General Elec. Co., 115 F.3d 400, 403-04 (6th Cir.1997); see also Sattar v. Motorola, Inc., 138 F.3d 1164, 1168 (7th Cir.1998). Hentges was entitled to be dismissed from the case on this ground. We may affirm the district court's judgment on any ground supported by the record; we therefore affirm the judgment in Hentges' favor on this basis.
 
 
 7
 Ellman's case against the District is no more convincing. She structures her argument as an ADEA version of the traditional McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), prima facie case, which is unobjectionable as far as it goes. See O'Connor v. Consolidated Coin Caterers Corp., 517 U.S. 308, 310-12 & nn. 1, 2, --- S.Ct. ----, ---- - ---- & nn. 1, 2, --- L.Ed.2d ----, ---- - ---- & nn. 1, 2 (1996) (assuming that the McDonnell Douglas model applies to age discrimination cases and setting out the ADEA version: (1) plaintiff in a protected class; (2) met employer's legitimate expectations; (3) suffered material adverse employment action; and (4) substantially younger, similarly-situated employees treated more favorably). She relies, however, on three "facts" that appear only in her Supplemental Memorandum and the stricken portions of her brief: (1) the presence of other school psychologists who were not assigned to two schools; (2) the preferential treatment of others in lucrative "summer evaluations"; and (3) Hentges's remark that she should retire. Without reference to her three "facts" Ellman cannot satisfy either the third or the fourth element of the O'Connor version of the McDonnell Douglas test. As a result, on the record properly before the district court, there was no genuine issue of material fact precluding summary judgment for the defendants.
 
 
 8
 Ellman also complains that she suffered from ineffective assistance of counsel. Her brief chronicles her travails (which included having to find new counsel after her original attorneys resigned when they learned that she had been engaging in unauthorized ex parte communication with the district court, and then additional counsel to replace her second counsel after she fired him, apparently for refusing to file what he believed to be a defective motion), but it contains no coherent legal or policy arguments and cites no constitutions, statutes, regulations, cases, or other sources of law. So, this argument is waived. See Fed. R.App. P. 28(a)(6); Kerr v. Farrey, 95 F.3d 472, 481 (7th Cir.1996). Furthermore, ineffective assistance of counsel, except in very limited circumstances that are not present here, cannot be grounds for reversal in a conventional civil case. See United States v. 7108 West Grand Ave., Chicago, Ill., 15 F.3d 632, 635 (7th Cir.1994).
 
 
 9
 Even more dubiously, Ellman asserts that the interest of justice requires reversal of the district court. This claim is, essentially, a one-page diatribe against the district court that is devoid of citations to authority, let alone a discernible legal theory. It is without merit.
 
 
 10
 The judgment of the district court is AFFIRMED. Ellman and her attorney have 14 days to show cause why sanctions should not be awarded under Fed. R.App. P. 38 for their violations of Appellate Rules 10 and 28 and their decision to base an appeal almost entirely on those violations.