Wardell JOHNSON, Plaintiff,

v.

TRAVELERS PROPERTY CASUAL-TY, a Corporation, Defendant.

No. 98 C 7547.

United States District Court,
N.D. Illinois,
Eastern Division.

July 7, 1999.

James W. Holman, Law Office of James W. Holman, Naperville, IL, for Plaintiff.

Steven H. Kuh, Steven H. Kuh, P.C., Chicago, IL, for Defendant.

### MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

Wardell Johnson brought this action alleging that his former employer, Travelers Property Casualty Corporation ["Travelers"], failed to promote him and discharged him because of his age in violation of the Age Discrimination and Employment Act, 29 U.S.C. § 621 *et seq.* ["ADEA"]. Travelers moves to compel arbitration of Mr. Johnson's claim based on an arbitration provision in its employee handbook. For the following reasons, the motion to compel is granted.

■ The Federal Arbitration Act [the "FAA"] provides that "[a] written provision in any ... contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction ... shall be valid, irrevocable, and enforceable...." 9 U.S.C. § 2. The 1996 employee handbook, signed by Mr. Johnson, as well as the 1998 handbook, provide for arbitration of employment disputes, including claims under the ADEA.[1] Mr. Johnson argues that nonetheless he should not be required to arbitrate his ADEA claim.

■ First, Mr. Johnson argues that under the terms of the arbitration provision, a dispute is subject to mandatory arbitration only if litigation is initiated while the employee still works for Travelers. The arbitration provision, however, includes "all employment disputes (including termination of employment) that [an employee] might have with [Travelers]." (1996 Employee Handbook at 9). Obviously, a dispute over termination would not be litigated while the employee was still employed by Travelers. In addition, any doubt regarding the scope of an arbitration agreement should be resolved in favor of arbitration, in light "of the overriding federal policy favoring arbitration." *Matthews v. Rollins Hudig Hall Co.,* 72 F.3d 50, 53 (7th Cir.1995).

■ Mr. Johnson next argues that the arbitration provision is ineffective because it is not supported by consideration. Mr. Johnson began his employment with Travelers in 1990, and he did not receive the employment handbook until 1996. The employee handbook states that, when a dispute cannot be resolved internally, "and the dispute is based upon legally protected rights, you and we agree to waive any applicable statute of limitations and to submit the dispute, within one year of the date it arose, to binding arbitration...." (1996 Employee Handbook at 9). If disciplinary actions, including termination, are disputed, the handbook states that "we both agree that the disagreement will be resolved through this process." (1996 Employee Handbook at 9). Thus the employ-

---

1. Claims brought under the ADEA are arbitrable under the FAA. *Gilmer v. Interstate/Johnson Lane Corp.,* 500 U.S. 20, 35, 111 S.Ct. 1647, 114 L.Ed.2d 26 (1991).

ee and Travelers promise to follow the procedures in the handbook and to submit employment disputes to arbitration. This is sufficient consideration. *See Matterhorn, Inc. v. NCR Corp.,* 763 F.2d 866, 869 (7th Cir.1985) ("If the agreement of one party to arbitrate disputes is fully supported by the other party's agreement to do likewise, there is no need to look elsewhere in the contract for consideration for the agreement to arbitrate . . .").

 According to Mr. Johnson, the arbitration agreement is also invalid because the handbook contains disclaimers indicating that it does not create contractual rights. Mr. Johnson has attached to his response the 1996 employee handbook receipt form that he signed, as well as a page copied from the employee handbook.[2] The 1996 handbook receipt form states that "[t]his document does not create a contract between the Company and me for either employment or for the providing of benefits for any definite period of time." The handbook states that it does not create "an express or implied contract of employment for any definite period of time." (Pl.Ex. B). It also states that no provision in the handbook is intended to constitute a waiver of the arbitration provision. (Pl. Resp.B). These statements indicate only that the handbook does not create a contract of employment for a definite period of time, as opposed to employment at-will. They do not affect the validity of the handbook or the arbitration provision.

Mr. Johnson further argues that Kentucky law applies to this action, and that under Kentucky law arbitration agreements between employers and employees are invalid. Even assuming that Kentucky law is relevant to a motion to compel arbitration under the FAA, the statute cited by Mr. Johnson states only that its general provision upholding arbitration agreements does not apply to arbitration agreements between employers and employees. Ky.Rev.Stat. Ann.

§ 417.050. It does not say they are invalid. Because Mr. Johnson entered into a valid agreement with Travelers to submit any employment-related disputes to arbitration, Travelers' motion to compel arbitration is granted.

### *Conclusion*

For the reasons discussed above, Travelers' motion to compel arbitration is granted.

---

**2.** Travelers' exhibits indicate that this page    was copied from the 1998 handbook.