**MARVEL ENTERTAINMENT GROUP, INC., Plaintiff,**

v.

**The HAWAIIAN TRIATHLON CORP., Defendant.**

**No. 89 Civ. 8211 (JES).**

United States District Court, S.D. New York.

Oct. 4, 1990.

Steven A. Rosen, New York City (Frank A. Sherer, Jr., Frank T. Judge, III, Timex Corp., Waterbury, Conn., of counsel), for proposed intervenor Timex.

Kenyon & Kenyon, New York City (Stuart J. Sinder, Jonathan D. Rerchimus, of counsel), for plaintiff.

Davis Hoxie Faithfull & Hopgood, New York City (Thomas E. Spath, of counsel),

Rochy and Rifkin, Chicago, Ill. (William T. Rifkin, Stuart I. Graff, of counsel), for defendant.

## MEMORANDUM OPINION AND ORDER

SPRIZZO, District Judge.

Presently before the Court is Timex Corporation's ("Timex") motion to intervene as a party defendant in the above-captioned action pursuant to Fed.R.Civ.P. 24. For the reasons that follow, the motion is denied.

## BACKGROUND

The facts relevant to the disposition of this motion are undisputed. In 1970, Marvel registered and has since used the mark "IRON MAN" in connection with the publication of comic books and related merchandise licensing activities. Meanwhile, Hawaiian Triathlon Corporation ("Hawaiian") has organized and conducted a well-known annual athletic competition held in Kailua–Kona, Hawaii called, *inter alia*, the "IRONMAN TRIATHLON."[1] In 1984, Hawaiian named Timex as the "Official Timekeeper of the Ironman Triathlon World Championship" and licensed Timex to use the mark "IRONMAN" in connection with a new and eventually successful line of sports watches. ("Timex Agreement").[2]

In 1984, Marvel filed a Notice of Opposition in the United States Patent and Trademark Office against Hawaiian's application to register the "IRONMAN" logo in the United States and objected to similar applications in several other foreign countries. In settlement of these disputes, Marvel and Hawaiian entered an agreement whereby Marvel recognized Hawaiian's continued use of the "IRONMAN" mark subject to certain limitations. *See* Agreement of January 22, 1985 ("Marvel Agreement") at ¶ 1 (attached to Memorandum in Response to

---

1. In fact, Hawaiian has registered the marks "IRONMAN TRIATHLON" and "IRONMAN WORLD TRIATHLON CHAMPIONSHIP" with the United States Patent and Trademark Office. *See* Agreement of January 22, 1985.

2. What will be referred to herein as the Timex Agreement is actually two contracts, a Sponsorship Agreement and a Trademark License Agreement, both executed on August 27, 1984. *See* Defendant's Response at Exs. A, C.

Timex's Motion to Intervene ("Defendant's Response") as Ex. E). Specifically, the Marvel Agreement provided that Hawaiian

> may continue to use and/or authorize others to use its IRONMAN [as a single word and in conjunction with the terms Triathlon] logo ... (a) only for the presentation of athletic contests, or in connection with *products* which: (i) directly provide such athletic contests, (ii) directly sponsor such athletic contests or (iii) are directly associated with such athletic contests ...

Marvel Agreement at ¶ 3.

On November 14, 1989, Marvel brought this action against Hawaiian in New York State Supreme Court which Hawaiian removed to federal court pursuant to 28 U.S.C. §§ 1441, 1446 (1988) on grounds of diversity of citizenship. In its complaint, Marvel claims that the Marvel Agreement was breached by Hawaiian's licensing activities and trademark filings. *See* Complaint ("Compl.") at ¶ 13. Among other alleged improper activities, Marvel specifically refers to the Timex Agreement as a breach of the Marvel Agreement. *Id.* at ¶ 16(d). For these breaches, Marvel seeks compensatory and punitive damages against Hawaiian and a court order enjoining Hawaiian and its "licensees" from future violations of the Marvel Agreement. *See id.* at ¶¶ 18, 19.

In its present motion, Timex contends that intervention is appropriate because a finding here that the Marvel Agreement should be interpreted in the manner asserted by Marvel would "severely limit [Hawaiian's] ability to use and license the "IRONMAN" mark and Timex' ability to continue to sell its Ironman Triathlon watches." Timex Corp's Memorandum of Law in Support of Motion to Intervene ("Timex Mem.") at 3. Timex also states that if it is allowed to intervene it intends to assert counterclaims against Marvel for unfair competition and tortious interference with the Timex Agreement, *see* Timex' Proposed Answer at ¶¶ 37–53 (annexed to Timex' Notice of Motion at Ex. B), and cross-claims against Hawaiian for breach of contract and fraud. *See* at ¶¶ 54–63.

## DISCUSSION

■ ˙To intervene as of right pursuant to Fed.R.Civ.P. 24(a)(2), the proposed intervenor must establish that he has a significant legally protectable interest in the subject matter of the litigation and that his ability to protect that interest may as a practical matter be impaired or impeded. Fed.R.Civ.P. 24(a)(2); *see St. Bartholomew's Church v. City of New York*, 914 F.2d 348, 360 (2d Cir.1990). Moreover, the intervenor must show that its interest will not be adequately represented by existing parties. *See* Fed.R.Civ.P. 24(a)(2); *United States Postal Service v. Brennan*, 579 F.2d 188, 192 (2d Cir.1978).

Timex, however, has not met either standard for intervention. With respect to the breach of contract claims asserted by Marvel, Timex is neither a party to nor a third-party beneficiary of the agreement between Marvel and Hawaiian. Therefore, resolution of those claims will not have any direct effect upon Timex' rights. *Cf. Restor–A–Dent Dental Laboratories Inc. v. Certified Alloy Prods.*, 725 F.2d 871, 874 (2d Cir.1984) (intervenor's interest must be directly not remotely impaired by litigation); *Drew v. Ameroid Int'l. v. M/V Green Star*, 681 F.Supp. 1056, 1058 (S.D.N.Y.1988) (same).

Nor can Timex's rights be practically affected by any judgment in favor of Marvel against Hawaiian. Such a judgment would not be binding on Timex in any infringement action brought by Marvel against Timex, and thus Timex will be free to relitigate the same contractual interpretation issues it now seeks to litigate by means of intervention. *See Ionian Shipping Co. v. British Law Ins., Co.*, 426 F.2d 186, 190 (2d Cir.1970). This is especially true since both Marvel and Hawaiian have represented to the Court that neither will argue in future litigation that Timex is bound by this judgment and accordingly both of them will be barred by concepts of litigation estoppel from taking a contrary position in the fu-

ture.[3] *See generally Young v. United States Dep't of Justice*, 882 F.2d 633, 639–40 (2d Cir.1989), *cert. denied*, — U.S. ——, 110 S.Ct. 1116, 107 L.Ed.2d 1023 (1990).

In any event, Timex has not demonstrated that its interest will not be adequately represented by Hawaiian especially since Timex and Hawaiian's interests are identical, *i.e.,* protecting Hawaiian's rights to use and license the "IRONMAN" mark. *See Brennan, supra,* 579 F.2d at 191. Indeed, if anything, Hawaiian has an even more powerful incentive since it has agreed to indemnify and hold Timex harmless for all claims arising out of Hawaiian's breach of the Timex Agreement. *See Meeropol v. Nizer,* 505 F.2d 232, 236 (2d Cir.1974); *Ionian Shipping Co., supra,* 426 F.2d at 191.

■ Finally, the Court denies Timex' motion for permissive intervention pursuant to Fed.R.Civ.P. 24(b). Although it is true that there is some overlap in the legal and factual issues Timex seeks to litigate, Timex also seeks to assert additional unrelated claims of unfair competition, breach of a contract and fraud which would needlessly expand the scope and costs of this litigation and would thus prejudice the rights of Marvel and Hawaiian to the expeditious resolution of this action.

## CONCLUSION

Accordingly, Timex Corporation's motion to intervene is denied in its entirety.

It is SO ORDERED.

---

**3.** Moreover, Marvel stated at Oral Argument that in this litigation it seeks additional monetary compensation from Hawaiian under the Marvel Agreement and has thus abandoned any claim that it is entitled to or will seek an injunction against third-party licensees. That circumstance further attenuates Timex's alleged interest in this litigation. Furthermore, Timex in its agreement with Hawaiian waived its right to institute proceedings by agreeing that Hawaiian had the sole right to instigate all actions for infringement of the "IRONMAN" mark and therefore, Timex' only remedy for Hawaiian's failure to do so is an action against Hawaiian for specific performance. *See* Trademark Licensing Agreement of August 27, 1984 at ¶ 2.7.