# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3240

_____

Anthony C. Kenney,      *
     *
        Appellant,      *
     *    Appeal from the United States
     v.      *    District Court for the
     *    Eastern District of Missouri.
Swift Transportation, Inc.,      *
     *
        Appellee.      *

_____

Submitted: April 14, 2003

Filed:  October 17, 2003 (corrected 11/3/03)

_____

Before LOKEN, Chief Judge, HANSEN, and BYE, Circuit Judges.

_____

BYE, Circuit Judge.

Anthony Kenney, an African American man, challenges the grant of summary judgment in favor of Swift Transportation, Inc. (Swift) in his suit brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17. Kenney alleges Swift did not hire him for a position as a trucker because of Kenney's race.  On appeal, Kenney argues the district court improperly weighed evidence in concluding he could not show Swift's nondiscriminatory reason for refusing to hire him was pretextual.  Because we agree, we reverse.

# I

Kenney alleges he called Swift in October of 1999 and asked its recruiter, Gary Grable, whether Swift was hiring truckers. Grable told him positions were available and the two had a lengthy conversation. After telling Grable he had completed truck-driving school, Kenney told Grable about his felony criminal conviction for theft-by-receiving and resulting imprisonment from 1990 to 1996. Grable allegedly said the criminal record was "all right."

According to Kenney, Grable told him to fill out the application with only his most recent employers and his certificate from truck-driving school, rather than providing a ten-year employment history as requested in the application. At the conclusion of the conversation, Grable confirmed he was sending Kenney the application and said he would get Kenney "in here with a trainer and [he] can go back out on the road." Based on that conversation, Kenney believed he had been hired and when he received the application he filled it out and returned it.

The application says, inter alia, "NOTE: ANSWER ALL QUESTIONS . . . THIS APPLICATION WILL NOT BE CONSIDERED UNLESS COMPLETE." The application requested information for all full and part-time employment for the preceding ten years. Kenney listed six jobs he had held, the first of which began in May 1998. The form also asked if the applicant had ever been convicted of a crime, and Kenney disclosed his conviction. Along with the application, Kenney sent copies of his certificate from truck-driving school, commercial driver's license, social security card, and police background check revealing his conviction (and the fact he is African American.) The application was denied.

Kenney alleges Grable told him a "Board of Review" rejected his application. But Swift asserts and Grable testified there is no such board and Grable was the sole person involved in the decision to reject Kenney. Swift and Grable say Kenney was

rejected because his application was incomplete and they deny Grable told Kenney he did not need to give the ten years of employment history as requested on the application. Swift did hire thirty drivers during the month Kenney applied, thirty-three the next month and forty-four the following month. There is no record evidence, however, of the race or qualifications or application completeness of those employees.

Kenney filed this action pro se on March 20, 2000, against a number of defendants, including Swift and Grable. The district court dismissed the entire complaint on May 16, 2000. On appeal, a panel of this court reversed with respect to Swift only, on the grounds Kenney had alleged a cause of action against it. On remand the district court appointed Kenney counsel.

After remand, Swift filed a motion for summary judgment. Kenney requested he be given until July 31, 2001, to respond to the motion because he was waiting for discovery responses from Swift. The district court allowed him that time, and granted a second extension until August 15, 2001. Just before that deadline, Kenney requested a third extension because Swift still hadn't provided the discovery. Kenney also filed a "Preliminary Response to Defendant's Motion for Summary Judgment," and brief in support thereof.

On August 28, 2001, the district court granted summary judgment in favor of Swift. In so granting, the district court assumed arguendo Kenney could make a prima facie case. The district court noted Swift had proffered a legitimate non-discriminatory reason for not hiring Kenney, namely, his failure to complete the application by providing a ten-year employment history. The district court found Kenney had not proffered evidence Swift's legitimate nondiscriminatory reason was pretextual. In so doing the district court rejected Kenney's deposition testimony indicating Grable told Kenney he needn't follow the instruction to list ten years of

employment because, "there is no evidence in the record to support this contention, and, in fact, it is inconsistent with the express instructions" on the application.

The district court denied Kenney's motion for continuance on the theory the discovery Kenney says he was waiting for would not have helped him on the motion for summary judgment. The district court said the outstanding discovery would only establish Kenney's prima facie case, which the district court had assumed he could meet when it granted summary judgment. Because the district court found nothing in the outstanding discovery would have undermined Swift's legitimate non-discriminatory reason for the failure to hire, the district court denied the motion for continuance. Kenney appeals.

II

We review a grant of summary judgment de novo, applying the same standard as the district court. Jaurequi v. Carter Mfg. Co. Inc., 173 F.3d 1076, 1085 (8th Cir. 1999). Summary judgment is proper if, upon viewing the facts in the light most favorable to the non-moving party, and giving her or him the benefit of all reasonable inferences, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Reich v. Hoy Shoe Co., 32 F.3d 361, 364 (8th Cir. 1994). In ruling on a motion for summary judgment a court must not weigh evidence or make credibility determinations. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986) ("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, [when she or] he is ruling on a motion for summary judgment . . . .").

Kenney has no direct evidence race was a reason for Swift's failure to hire him, so his claims are evaluated under the burden-shifting analysis of McDonnell Douglas Corp. v. Green, 411 U.S. 792, 800-06 (1973). Under McDonnell Douglas, Kenney has established a prima facie case of disparate treatment if "he is a member of a

-4-

protected class (here, blacks . . . ), that he was qualified for the position for which he applied, that he was not chosen for that position, and that whites . . . with the same qualifications as [Kenney] were chosen . . . ." White v. McDonnell Douglas Corp., 985 F.2d 434, 435 (8th Cir. 1993) (citing McDonnell Douglas, 411 U.S. at 802).

The court below ruled on the motion for summary judgment while discovery pertaining to the prima facie case remained outstanding. Because the outstanding discovery may have supplied evidence relevant to Kenney's prima facie case, the district court assumed in its analysis Kenney could prove his prima facie case. Evidence in the record supports the conclusion Kenney was a licensed and experienced truck driver who had completed a truck-driving course, and was therefore qualified for the position of truck driver. He applied[1] and was rejected. As an African American, he was a member of a protected class. We see no error in the district court concluding Kenney could prove his prima facie case. For purposes of this appeal, this court will also make the same assumption, namely, Kenney could meet the burden of proving his prima facie case.

Establishing a prima facie case creates a presumption the employer has discriminated unlawfully against the plaintiff. Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 254 (1981). The burden then shifts to the employer to rebut

---

[1]Swift argues Kenney's application was inadequate as a matter of law under 49 C.F.R. § 391.21(b)(10). The Code of Federal Regulations requires commercial truck drivers to furnish their employers with three years of employment history before hitting the road. 49 C.F.R. § 391.21(b)(10). Because the employment history Kenney provided is less than two years' worth, it would be a violation of § 391.21 for him to drive for Swift without providing more. However, nothing in that regulation prevents Swift from hiring a driver with an incomplete application, it only requires the trucker to provide the information before driving. Taking the evidence in the light most favorable to Kenney, he failed to provide the full three years of employment history only because Grable told him not to. We therefore find Swift's argument in this regard unpersuasive.

this presumption by producing evidence the employer chose someone other than the plaintiff for a nondiscriminatory reason. Id. The district court concluded Swift met this burden of production with Grable's testimony Kenney was not hired because his application was incomplete. The application unambiguously states incompleteness will prevent the application from being reviewed, and it clearly requires ten years of employment history. Swift also proffered evidence it is company policy to reject incomplete applications. We find no error in the district court's conclusion Swift met its burden by producing evidence of a nondiscriminatory reason for not hiring Kenney.

Once the defendant produces evidence of a reason other than discrimination for the adverse employment action, the McDonnell Douglas framework, with its burdens and presumptions, disappears. McCullough v. Real Foods, Inc., 140 F.3d 1123, 1127 (8th Cir. 1998) (citations omitted). The burden then shifts back to the plaintiff to present evidence sufficient to create a fact issue as to whether the employer's proffered reasons are mere pretext. Id.

The only evidence tending to prove Grable's proffered reason is pretextual is Kenney's own testimony Grable told him not to list his employment history for the previous ten years. If Kenney is telling the truth, his failure to fill out the application was caused by his reliance upon Grable, and Swift's use of this justification may be false. Kenney's testimony, if believed, tends to disprove Swift's asserted company policy automatically rejecting incomplete applications.

The district court characterized Kenney's testimony about the conversation between himself and Grable as a "contention," which lacked evidentiary support and conflicted with the express requirement on the application. In doing so, the district court improperly made a credibility determination and weighed the evidence against Kenney in violation of the summary judgment standard. Swift's argument this court should discount Kenney's testimony because of his litigiousness (an argument which

appears to have been persuasive to the district court) is particularly troubling. Kenney may have filed many lawsuits, but that does not change the standard the district court must apply, nor does it slacken ours. The question of whether Grable told Kenney not to list ten years of employment history is disputed. Kenney has proffered evidence to support his version of the conversation in the form of sworn testimony. While there is no other evidence supporting his version of the conversation, and his assertion is contrary to the statement in the application saying the ten years' employment history was required, Kenney's testimony is sufficient for a jury to find that Swift's proffered nondiscriminatory reason for not hiring him is pretextual.

Swift argues Kenney must proffer independent evidence of Grable's supposed instructions because his "unsubstantiated allegations" are insufficient. For support, Swift cites to Pony Computer Inc. v. Equus Computer Sys. of Mo., Inc., 162 F.3d 991, 997 (8th Cir. 1998). In Pony, the plaintiff was an employer alleging the defendants, its former employees, had tampered with or damaged its computers, for which Missouri tort law provides a remedy. The employer alleged the former employees tampered with or damaged their computers but proffered no evidence to support that allegation. Pony is distinguishable from the case at bar in that here there is more than an allegation; there is evidence in the form of Kenney's testimony. Kenney's evidence of Grable's statements to him are not mere general allegations or averments; they are evidence of specific statements which may or may not have been made, depending on whom the jury chooses to believe. Pony does not govern and Kenney is required to proffer no more evidence than he already has to prove Grable told him not to list ten years of employment history. Thus, the district court erred in concluding that Mr. Kenny presented no evidence of pretext.

We therefore reverse the judgment of the district court and remand for proceedings consistent with this opinion.

Kenney also seeks review of the district court's denial of his renewed motion for a continuance. Our reversal of summary judgment and remand for further proceedings makes a decision on this issue unnecessary.

_____