# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3744

_____

Una Mae Davis,

      Appellant,

    v.

Cleveland Hammonds, Jr.,
Superintendent,

      Appellee,

_____

No. 03-3821

_____

Una Mae Davis,

      Appellant,

    v.

Cleveland Hammonds, Superintendent,
St. Louis Public Schools,

      Appellee.

```
*
*
*
*
*
*
*
*
*
*
*
```

Appeals from the United States
District Court for the
Eastern District of Missouri.

```
*
*
*
*
*
*
*
*
*
```

[UNPUBLISHED]

_____

Submitted: June 17, 2004
Filed: June 24, 2004

_____

Before BYE, McMILLIAN, and RILEY, Circuit Judges.

_____

PER CURIAM.

In these consolidated appeals, Una Mae Davis appeals the district court's[1] adverse grant of summary judgment in her employment-discrimination lawsuit, and its dismissal of her related lawsuit. Having carefully reviewed the record, we affirm. See Kenney v. Swift Transp., Inc., 347 F.3d 1041, 1044 (8th Cir. 2003) (summary judgment standard of review); Doe v. Sch. Dist. of Norfolk, 340 F.3d 605, 613 (8th Cir. 2003) (Federal Rule of Civil Procedure 12(b)(6) standard of review).

Davis is African American and in her late sixties; she was employed by the St. Louis Public School District (District) as a teacher from 1985 to 1993. She filed two lawsuits against District Superintendent Cleveland Hammonds based on allegations arising from her unsuccessful applications for elementary teaching positions in 1999, 2000, and 2001. In her first lawsuit (Davis I)--filed in June 2002 in federal court-- Davis claimed race, age, and gender discrimination under Title VII and the Age Discrimination in Employment Act (ADEA).[2] After Davis's gender-discrimination claim was dismissed for lack of exhaustion, in May 2003 she filed a second lawsuit (Davis II) in state court, claiming race, age, and gender discrimination under Title VII, the ADEA, and the Missouri Human Rights Act (MHRA); the lawsuit was removed to federal court.

We agree with the district court that Davis did not create any trialworthy issues on her race- and age-discrimination claims. See Kenney, 347 F.3d at 1045

_____

[1]The Honorable Carol E. Jackson, Chief Judge, United States District Court for the Eastern District of Missouri.

[2]She did not specifically cite the ADEA, but the district court construed her complaint as asserting such a claim.

(describing burden shifting in Title VII case); Mayer v. Nextel W. Corp., 318 F.3d 803, 806-07 (8th Cir.) (applying burden-shifting analysis in ADEA case), cert. denied, 124 S. Ct. 153 (2003); Duncan v. Gen. Motors Corp., 300 F.3d 928, 930 n.2 (8th Cir. 2002) (noting Title VII and MHRA claims are analyzed using same legal principles), cert. denied, 538 U.S. 994 (2003). Further, even if Davis's August 2002 Equal Employment Opportunity Commission charge was timely as to her claim of gender discrimination, she also did not produce any evidence showing that the legitimate, nondiscriminatory reasons District gave for not hiring her were a pretext for gender discrimination. Finally, the lists of former teachers hired by District during the relevant period included many individuals who were as old or older than Davis, African American, and female, and Davis cannot compare herself to teachers hired for the first time by District, or to individuals who were hired at schools she did not contact or who were hired for teaching positions in high school. Cf. EEOC v. Kohler Co., 335 F.3d 766, 775-76 (8th Cir. 2003) (instances of disparate treatment can support claim of pretext, but plaintiff has burden of proving that disparately treated employees were similarly situated in all relevant respects).

We also find that the district court did not abuse its discretion in denying Davis's motion to compel, see Roberts v. Shawnee Mission Ford, Inc., 352 F.3d 358, 360 (8th Cir. 2004) (appellate review of discovery orders is narrow and deferential), and that Davis II was properly removed to federal court, see Lindsey v. Dillard's, Inc., 306 F.3d 596, 598 (8th Cir. 2003) (claims can be removed based on federal question jurisdiction, and if pendant state claims are closely related to federal claim, district court has supplemental jurisdiction over them). Davis's remaining arguments provide no basis for reversal, and we decline to consider the arguments she raises for the first time on appeal.

Accordingly, we affirm. See 8th Cir. R. 47B.

_____