**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff,**

v.

**WOODMEN OF THE WORLD LIFE INSURANCE SOCIETY and/or Omaha Woodmen Life Insurance Society, Defendant.**

**Louella Rollins, Intervener/Cross–Plaintiff,**

v.

**Woodmen of the World Life Insurance Society and/or Omaha Woodmen Life Insurance Society, Cross–Defendant.**

**No. 8:03CV165.**

United States District Court, D. Nebraska.

Aug. 17, 2004.

Ann L. Fuller, Joseph H. Mitchell, Lynn L. Palma, Nancy A. Weeks, Denver, CO, Gwendolyn Reams, Office of General Counsel, Washington, DC, for Plaintiff.

Kirk S. Blecha, Scott S. Moore, Lindsay K. Lundholm, Baird, Holm Law Firm, Omaha, NE, for Defendant.

## MEMORANDUM AND ORDER

BATAILLON, District Judge.

### INTRODUCTION

Before me now is Woodmen of the World Life Insurance Society's (hereafter "Woodmen") motion to dismiss cross-plaintiff Louella Rollins' (hereafter "Rollins") cross-claim for summary judgment or stay and for oral argument, Filing No. 35, supported by a brief, Filing No. 36, and index of evidence, Filing No. 37. Rollins has filed a brief opposing Woodmen's motion to dismiss or for summary judgment, Filing No. 39. The matter in dispute is whether Rollins is required to arbitrate her Title VII[1] claims against her former employer, pursuant to a clause in her contract for employment, after the Equal Employment Opportunity Commission (here-

---

1. 42 U.S.C.A. § 2000e–2 (1994), Rollins alleges sexual harassment, discrimination on the basis of sex, and retaliatory discharge.

after "EEOC") filed suit on her behalf and she subsequently intervened into the suit pursuant to Fed. R. Civ. P 24(b).

## STANDARDS OF REVIEW

In reviewing a complaint on a Rule 12(b)(6) motion, the court must consider all of the facts alleged in the complaint as true, and construe the pleadings in a light most favorable to the plaintiff. *See, e.g., Brotherhood of Maint. of Way Employees v. BNSF R.R.*, 270 F.3d 637, 638 (8th Cir.2001). A dismissal is not lightly granted. "A complaint shall not be dismissed for its failure to state a claim upon which relief can be granted unless it appears beyond a reasonable doubt that plaintiff can prove no set of facts in support of a claim entitling him to relief." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir.2001); *Carpenter Outdoor Advtg. v. City of Fenton*, 251 F.3d 686 (8th Cir. 2001). When accepting the facts of the complaint as true, a court will not, however, "blindly accept the legal conclusions drawn by the pleader from the 'facts.'" *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir.1990) (citing *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir.1987)).

■ A dismissal under Rule 12(b)(6) is therefore granted "only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief," *Schmedding v. Tnemec Co.*, 187 F.3d 862, 864 (8th Cir.1999), such as a missing allegation about an element necessary to obtain relief or an affirmative defense or other bar, *Doe v. Hartz*, 134 F.3d 1339, 1341 (8th Cir.1998). The court does not determine whether the plaintiff will ultimately prevail, but rather whether the plaintiff is entitled to present evidence in support of his claim. *Doe v. Norwest Bank*, 909 F.Supp. 668, 670 (D.Minn.1995). When "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." Fed.R.Civ.P. 12(c); *Casazza v. Kiser*, 313 F.3d 414, 418 (8th Cir.2002). However, "Rule 12(b)(6) motions are not automatically converted into motions for summary judgment simply because one party submits additional matters in support of or [in] opposition to the motion." *Missouri ex rel. Nixon v. Coeur D'Alene Tribe*, 164 F.3d 1102, 1107, *cert denied* 527 U.S. 1039, 119 S.Ct. 2400, 144 L.Ed.2d 799 (1999.). If the court looks to matters of public record, it may consider matters outside the pleadings without converting the motion to dismiss to one for summary judgment. *Faibisch v. University of Minnesota*, 304 F.3d 797, 802 (8th Cir.2002). Because an "EEOC charge is part of the public record," a motion to dismiss is not converted into a motion for summary judgment by the attachment of an EEOC charge. *Id.*

In the alternative, on a motion for summary judgment the question before the court is whether the record, when viewed in the light most favorable to the non-moving party, shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Mansker v. TMG Life Ins. Co.*, 54 F.3d 1322, 1326 (8th Cir.1995). Where unresolved issues are primarily legal rather than factual, summary judgment is particularly appropriate. *Id.*

The burden of establishing the nonexistence of any genuine issue of material fact is on the moving party. Fed.R.Civ.P. 56(c); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). Therefore. if the defendant does not meet its initial burden with respect to an issue, summary judgment must be denied notwithstanding the absence of opposing affidavits or other evidence. *Ad-*

*ickes,* 398 U.S. at 159–60, 90 S.Ct. 1598; *Cambee's Furniture, Inc. v. Doughboy Recreational Inc.,* 825 F.2d 167, 173 (8th Cir.1987).

Once the defendant meets its initial burden of showing there is no genuine issue of material fact, the plaintiff may not rest upon the allegations of his or her pleadings, but rather must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists. *See* Fed.R.Civ.P. 56(e); *Chism v. W.R. Grace & Co.,* 158 F.3d 988, 990 (8th Cir.1998). The party opposing the motion must do more than simply show that there is some metaphysical doubt as to the material facts; he or she must show "there is sufficient evidence to support a jury verdict" in his or her favor. *Id.* Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Facts are viewed in the light most favorable to the non-moving party, "but in order to defeat a motion for summary judgement, the non-movant party cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." *Carter v. St. Louis University,* 167 F.3d 398, 401 (8th Cir.1999); *Ghane v. West,* 148 F.3d 979, 981 (8th Cir.1998). In ruling on a motion for summary judgment, a court must not weigh evidence or make credibility determinations. *Kenney v. Swift Transp. Co.,* 347 F.3d 1041, 1044 (8th Cir.2003).

## BACKGROUND

Rollins began her employment with Woodmen in June 1989. Rollins' employment was governed by written agreements and, in particular, a contract for employment which contained a clause which stated in part that Rollins agreed to "resolve any and all claims, demands, causes of action, charges and disputes of any nature whatsoever ... including claims of wrongful termination or sex discrimination first internally, then through attempts at mediation, and finally through binding arbitration, should prior efforts prove unsuccessful." Filing No. 37, Attachment 1, Affidavit of Danny Cummins (hereafter "Cummins Aff."). Rollins contends that one of Woodmen's employees sexually harassed her for a period of time from 1994 through February 1999. Rollins was the state manager for Pennsylvania and supervised Ted Guminey, who is the individual Rollins contends harassed her. Rollins alleges that during the aforementioned time period, Guminey tried to undermine, humiliate, and cause Rollins' removal from management by openly voicing resentment for having to work for a woman, grabbing, rubbing, or slapping her on the buttocks, making suggestive kissing and winking gestures towards her, and telling others that she was a lesbian and was involved in a relationship with another co-worker. Rollins reported this behavior to her supervisors, who she alleges told her to "manage her office better." Filing No. 32, at 3, ¶ 17. Rollins contends that she requested authority to fire Guminey from her supervisors, but was told that "it was time for the 'Charging Party' to step down" and that firing Guminey would "only make things worse." *Id.* at ¶ 18. Rollins further contends that on December 10, 1998, Woodmen placed her on "minimum production requirements," and was told that failure to achieve these standards by March 1999 would result in her termination. *Id.* at 4, ¶ 28.

Rollins' claims that these standards were so high that she could never have

achieved them with Guminey "acting against her." *Id.* On February 11, 1999, Woodmen demoted Rollins to Area Manager. *Id.* at ¶ 29. Rollins contends that her demotion was retaliatory in nature. Rollins also alleges that similarly situated males were not subjected to the same requirements. *Id.* at ¶ 30. On September 20, 1999, Rollins submitted her allegations of discrimination to the Pennsylvania office of the Equal Employment Opportunity Commission (hereafter "EEOC").

In January 2000, Rollins was offered a transfer position in Texas as an alternative to termination. The position in Texas was similar to the demoted position in Pennsylvania. *Id.* at 5, ¶ 39. Rollins accepted the position in Texas, but ultimately quit because the position was "intolerable." *Id.*

## DISCUSSION

Woodmen "renews, incorporates, and adopts" its objections to the timeliness of Rollins' charge filed with the EEOC found in Filing No. 10. I direct attention to this court's memorandum and order, Filing No. 48, in which I dismissed Woodmen's same objections, and "renew, incorporate, and adopt" my reasoning for doing so here. I now resolve the remaining issues before me.

### A. *Intervention*

■ Woodmen objects to the Rollins' intervention on the grounds that it exceeds the scope of the EEOC's amended complaint, Filing No. 1, and impermissibly includes allegations for which no charges were filed. Rollins previously filed a motion for intervention, Filing No. 27, which was granted, Filing No. 29, pursuant to Rule 24(b). Fed.R.Civ.P. 24(b) permits the permissive intervention of parties and provides:

> Upon timely application anyone may be permitted to intervene in an action: 1) when the statute of the United States confers a conditional right to intervene; or 2) when an applicant's claim or defense and the main action have a question of law or fact in common.... In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties. Fed.R.Civ.P. 24(b).

■ Under Rule 24(b)(2), an applicant must present "1) an independent ground for subject-matter jurisdiction; 2) a claim of defense that has a question of law or fact in common with the main action, and 3) a timely motion." *Nationwide Mut. Ins. Co. v. Nat'l REO Mgmt., Inc.,* 205 F.R.D. 1, 5 (D.D.C.2000). The Eighth Circuit has held that the "decision to grant or deny a motion for permissive intervention is wholly discretionary." *South Dakota ex rel. Barnett v. United States Dep't of Interior,* 317 F.3d 783, 787 (8th Cir.2003). "The principal consideration in ruling on a Rule 24(b) motion is whether the proposed intervention would unduly delay or prejudice the adjudication." *Barnett,* 317 F.3d at 787 (*citing United States v. Pitney Bowes, Inc.,* 25 F.3d 66, 73 (2nd Cir.1994)). As stated earlier in Filing No. 29, Rollins has met the burden of Rule 24(b) by showing an independent ground for jurisdiction, common questions of law and fact, and a timely motion. I find that Rollins' intervention pursuant to Rule 24(b) was proper.

### B. *Rollins' Intervention Impermissibly Expands the Scope of Litigation*

■ Woodmen objects to Rollins' cross-claim which it alleges impermissibly expands the scope of litigation by introducing new issues. An intervener may not introduce issues which are outside the scope of the issues in the main suit. *Thompson v. Deal,* 49 F.Supp. 366 (D.D.C. 1943). Interveners may only argue issues that have been raised by the principal parties. *Nat'l Ass'n of Regulatory Utility*

*Com'rs v. Interstate Commerce Commission,* 41 F.3d 721, 729 (D.C.Cir.1994). An intervening party may join issues only on a matter that has been brought before the court by another party. *Illinois Bell Tel. Co. v. FCC,* 911 F.2d 776, 786 (D.D.C. 1990). Intervention is not proper if it expands the scope and costs of litigation. *Marvel Entertainment Group, Inc. v. Hawaiian Triathlon Corp.,* 132 F.R.D. 143, 146 (S.D.N.Y.1990). Intervention is restricted to the scope of charges filed with the EEOC. *EEOC v. American Tel. & Tel. Co.,* 365 F.Supp. 1105, 1125 (E.D.Pa.1973). An intervening party is admitted to the proceeding as it stands, and in respect of the pending issues, but is not permitted to enlarge those issues. *Vinson v. Washington Gas Light Co.,* 321 U.S. 489, 498, 64 S.Ct. 731, 88 L.Ed. 883 (1944).

■ Rollins' cross-claim, Filing No. 32, and the original complaint filed by the EEOC, Filing No. 1, contain thirty-seven identical paragraphs. Rollins' cross-claim includes five additional paragraphs, ¶¶ 38–42, which Woodmen alleges are improper as introducing new issues. Paragraph 37 of both Rollins' and the EEOC's document contain allegations of retaliatory demotion by Woodmen. However, Rollins' cross-claim contains two additional paragraphs, ¶¶ 38 and 39, which merely present additional facts related to the alleged demotion of paragraph 37. I find that such paragraphs do not impermissibly expand the scope of litigation because they, while not contained in the EEOC's complaint, Filing No. 1, merely relate an issue already squarely before the court. However, Rollins' cross-claim contains an additional claim, ¶¶ 41 and 42, of Woodmen's alleged violation of a previous court order forbidding illegal conduct relating to civil rights claims for a five-year period. I find this claim improper. Neither the EEOC nor Rollins has previously made any mention

of such a violation, and to add such a claim now would improperly expand the scope of the proceedings before this court.

## C. *Agreement to Arbitrate*

■ Woodmen essentially moves to compel Rollins to arbitrate her claims on the grounds that she signed an agreement to follow Woodmen's dispute resolution procedures. The plaintiff essentially argues that she has a right to pursue litigation regardless of any agreement because the EEOC has filed a lawsuit on her behalf, and further that requiring Rollins to arbitrate her claims would unfairly undermine the EEOC's right to enforce the law.

■ The Federal Arbitration Act (hereafter "the Act") creates a strong federal policy favoring arbitration. 9 U.S.C. § 2; *Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.,* 460 U.S. 1, 24, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983) (9 U.S.C. § 1 declares a "liberal federal policy favoring arbitration agreements."). Doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration. *Gilmer v. Interstate/Johnson Lane Corp.,* 500 U.S. 20, 25, 111 S.Ct. 1647, 114 L.Ed.2d 26 (1991). The Act states that arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Therefore, the Act "leaves no place for the exercise of discretion by the district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd,* 470 U.S. 213, 218, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985).

■ The United States Supreme Court in *Mitsubishi Motors Corp. v. Soler Chrysler/Plymouth, Inc.,*[2] established a

---

**2.** 473 U.S. 614, 105 S.Ct. 3346, 87 L.Ed.2d 444 (1985)

two-pronged inquiry for determining enforceability of arbitration agreements governed by the Act. First, the district court must determine whether a valid arbitration agreement covers the dispute between the parties. *Id.* at 628, 105 S.Ct. 3346. In making this determination the court applies ordinary principles of contract law. *AT & T Techs., Inc. v. Communications Workers,* 475 U.S. 643, 648, 106 S.Ct. 1415, 89 L.Ed.2d 648 (1986).[3] Second, the district court must determine if any independent legal constraint renders the agreement to arbitrate unenforceable. *Mitsubishi Motors Corp. v. Soler,* 473 U.S. 614, 628, 105 S.Ct. 3346, 87 L.Ed.2d 444 (1985).

 It is well established that discrimination claims are subject to arbitration. *Lyster v. Ryan's Family Steak Houses, Inc.,* 239 F.3d 943, 945–46 (8th Cir.2001).[4] Specifically, "Title VII claims are subject to individual consensual agreements to arbitrate." *Patterson v. Tenet Healthcare, Inc.,* 113 F.3d 832, 837–38 (8th Cir.1997). "State law governs whether an agreement to arbitrate is valid." *Barker v. Golf USA, Inc.,* 154 F.3d 788, 791 (8th Cir.1998).

In the instant case, Rollins does not dispute that the two elements of *Mitsubishi* are satisfied: (1) that she signed a agreement to arbitrate any and all disputes with her employer; and (2) that her claims fall under the scope of that agreement. Further, Rollins does not challenge the validity of the agreement which stated that Rollins agreed to "resolve any and all claims, demands, causes of action, charges and disputes of any nature whatsoever ...

including claims of wrongful termination or sex discrimination first internally, then through attempts at mediation, and finally through binding arbitration, should prior efforts prove unsuccessful." Filing No. 37, Cummins Aff.

I find that the language of the arbitration agreement effectuated between Rollins and Woodmen clearly shows that Rollins' claims fall under the perimeters of the arbitration clause. Further, Rollins is required to arbitrate her claims under the state laws of both Pennsylvania and Nebraska. *See, e.g.,* 42 Pa. Const. Stat. Ann. § 7304 (on application of a party to a court to stay arbitration proceedings ... the court may stay an arbitration proceeding on a showing that there is no agreement to arbitrate.); *Maleski v. Mutual Fire, Marine and Inland Ins. Co.,* 534 Pa. 575, 633 A.2d 1143, 1145 (1993) (original court action should be stayed pending arbitration.); Neb.Rev.Stat. § 25–2602.01 (written agreement to arbitrate is enforceable).

 I note, however, that because the EEOC is not a party to the arbitration agreement between Rollins and Woodmen, they are not required to arbitrate their case against Woodmen. *EEOC v. Waffle House, Inc.,* 534 U.S. 279, 294, 122 S.Ct. 754, 151 L.Ed.2d 755 (2002). A valid arbitration agreement between an employer and employee does not prevent the EEOC from vindicating the public interest. *Id.* at 296, 122 S.Ct. 754. Therefore, I will not stay the EEOC's action, but will stay Rollins' action against Woodmen pending the conclusion of the arbitration proceeding.

---

**3.** "Arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *Id.See also Daisy Mfg. Co. v. NCR Corp.,* 29 F.3d 389 (8th Cir.1994).

**4.** *See also Gilmer v. Interstate/Johnson Lane Corp.,* 500 U.S. 20, 21, 111 S.Ct. 1647, 114 L.Ed.2d 26 (1991); *Desiderio v. NASD,* 191 F.3d 198, 206 (2nd Cir.1999); *Blair v. Scott Specialty Gases,* 283 F.3d 595 (3rd Cir.1995); *Matthews v. Rollins Hudig Hall Co.,* 72 F.3d 50, 54 (7th Cir.1995); *Terry v. Labor Ready, Inc.,* 2002 WL 1477213 (W.D.Tenn.2002).

THEREFORE, IT IS ORDERED:

1. Woodmen's motion to dismiss and/or summary judgment or stay Rollins' cross-claim as time barred, Filing No. 35, is denied.

2. Woodmen's motion to compel Rollins to arbitrate her claims against Woodmen, Filing No. 35, is granted.

3. Woodmen's motion to dismiss and/or summary judgment or stay Rollins' cross-claims as exceeding the scope of litigation, Filing No. 35, is granted in part. Plaintiff's cross-claim relating to violations of previous court orders, Filing No. 32, at 5, ¶¶ 41–42, is dismissed.

4. Woodmen's motion to stay proceedings as to Rollins' action pending arbitration proceedings, Filing No. 35, is granted, but Woodmen's motion to stay proceedings as to the EEOC action pending arbitration proceedings, Filing No. 35, is denied.