# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-2133

_____

Doris Scott,                                    *
                                                *
                Appellant,                      *       Appeal from the United States
                                                *       District Court for the
        v.                                      *       Eastern District of Arkansas.
                                                *
John E. (Jack) Potter, in his official          *
capacity as Postmaster General,                 *       [UNPUBLISHED]
                                                *
                Appellee.                       *

_____

Submitted: May 12, 2005
    Filed: June 8, 2005

_____

Before SMITH, FAGG, and MAGILL, Circuit Judges.

_____

PER CURIAM.

Doris Scott appeals from the district court's[1] adverse grant of summary judgment in her employment discrimination action against Postmaster General John Potter (hereinafter United States Postal Service ("USPS")). We review a grant of summary judgment de novo. See Spangler v. Fed. Home Loan Bank of Des Moines, 278 F.3d 847, 850 (8th Cir. 2002).

_____

[1]The Honorable Warren K. Urbom, United States District Judge for the District of Nebraska, sitting by designation in the Eastern District of Arkansas.

Scott's sex discrimination claim was properly dismissed because she failed to exhaust her administrative remedies for that claim. See Miller v. Runyon, 32 F.3d 386, 389 (8th Cir. 1994). As to Scott's age and race discrimination claims, USPS proffered a legitimate, nondiscriminatory reason for not promoting Scott—USPS had concluded from medical documentation provided by Scott's treating physician that she could not meet the physical requirements of the job—and Scott failed to provide any evidence suggesting that the proffered rationale was a pretext for discrimination. See Erenberg v. Methodist Hosp., 357 F.3d 787, 792 (8th Cir. 2004). Furthermore, with regards to her race discrimination claim, Scott did not make out a prima facie case because the employee who was ultimately promoted was of the same race. See Kenney v. Swift Transp., Inc., 347 F.3d 1041, 1044 (8th Cir. 2003).

We therefore affirm the district court.

_____