# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-3791

_____

Yu Lin,                                  *
                                         *
           Appellant,                    *
                                         *   Appeal from the United States
     v.                                  *   District Court for the
                                         *   District of Nebraska.
University of Nebraska, Lincoln,         *
                                         *        [UNPUBLISHED]
           Appellee.                     *

_____

Submitted: January 31, 2008
Filed:  March 10, 2008

_____

Before MURPHY, COLLOTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Former University of Nebraska–Lincoln (UNL) graduate student Yu Lin filed a discrimination action against UNL, and she appeals the district court's[1] orders granting summary judgment on her claim related to a teaching assistantship she did not receive, and denying reconsideration of its order granting judgment as a matter of law following a bench trial on her claim related to her participation in a doctoral program.  For the reasons that follow, we affirm.

_____

[1]The Honorable F.A. Gossett, III, United States Magistrate Judge for the District of Nebraska, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

Reviewing de novo the district court's grant of summary judgment, see Kenney v. Swift Transp., Inc., 347 F.3d 1041, 1044 (8th Cir. 2003) (standard of review; facts are viewed in light most favorable to nonmovant), we agree with the district court that Lin did not establish a prima facie case of gender discrimination on her claim that she was denied a teaching assistant position in violation of Title VII, because it was undisputed that she was not eligible for the position after being terminated from the doctoral program in the same department, see Kobrin v. Univ. of Minn., 34 F.3d 698, 702 (8th Cir. 1994) (prima facie case of gender discrimination under Title VII). As to the district court's grant of judgment as a matter of law (JAML), we have reviewed it to the extent possible without a full transcript. See Fed. R. App. P. 10(b)(1) (discussing appellant's duty to order transcript); Lam v. Curators of the Univ. of Mo., 122 F.3d 654, 656 (8th Cir. 1997) (JAML standard of review); Schmid v. United Bhd. of Carpenters & Joiners, 827 F.2d 384, 385-86 (8th Cir. 1987) (per curiam) (court could not review evidentiary rulings without transcript). We agree with the district court that Lin could not succeed on her Title IX claim absent evidence that her dismissal, later successfully appealed, from a particular doctoral program was related to her gender, see 20 U.S.C. § 1681(a) (prohibiting gender discrimination by any education program receiving federal assistance), or that she was treated less favorably than any similarly situated male student, see Saulsberry v. St. Mary's Univ. of Minn., 318 F.3d 862, 866-67 (8th Cir. 2003) (assuming plaintiff established prima facie case, plaintiff had burden of proving others treated differently were similarly situated in all relevant respects). Finally, we find no abuse of discretion in the district court's denial of Lin's motion for reconsideration. See United States v. Metro. St. Louis Sewer Dist., 440 F.3d 930, 933-35 (8th Cir. 2006) (standard of review).

We affirm the judgment of the district court, see 8th Cir. R. 47B, and deny as moot Lin's pending motion to amend.

_____

-2-